STATE, WINFIELD S. COX, PROSECUTOR, v. THE COURT OF COMMON PLEAS OF THE COUNTY OF PASSAIC.

Under the provisions of the act of April 21st, 1876, (*Rev.*, *p.* 1292,) the major part of the judges of the Court of Common Pleas have a right, whenever constables summoned by the sheriff fail to attend court, and their places ought to be supplied, or whenever, in their judgment, the attendance of more constables is desirable or necessary for the proper transaction of the public business, to require the summoning and service of such constables as they may select to attend.

On *certiorari* to the Court of Common Pleas of Passaic county.

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the prosecutor, *J. W. Griggs.*

The opinion of the court was delivered by

MAGIE, J.   The prosecutor is the sheriff of Passaic county. The writ brings up for review an order made, May 1st, 1882, by a majority of the judges of the Court of Common Pleas of said county, requiring him to summon one J. S., as an additional constable, to attend at the then term of courts in that county, and proceedings afterward taken in that court, resulting in an order directing an attachment to issue against the sheriff to answer his contempt in not obeying the first-mentioned order.

The prosecutor contends that the order of May 1st, 1882, was not within the power of the court to make.

When and in what manner the practice that all the constables of the county should attend the sessions of the courts held therein originated I have been unable to discover. That it was a very ancient practice, and probably coeval with the establishment of courts in the colony, would seem to appear from the fact that, as early as 1678, the assembly of East Jersey, after reciting that it was unnecessary that all the constables should attend the Assizes, enacted that only those of the town in which the Assizes were held, and the next adjoining towns, should attend. *Leam. & Spicer* 129. I cannot find that this act was adopted over the united colonies. The fee bills, from the earliest time, have provided fees for constables' attendance at courts, without restriction as to their numbers. This practice in the ancient courts of the colony and state seems further recognized by the fact that when new courts have been created to sit in counties, constables are, in terms, made ministerial officers of such courts, a requirement which would necessitate their presence at the sessions. *Act of* 1784, (*establishing Orphans' Courts*,) § 21, *Pat.* 59 ; *Act of* 1838, (*establishing Circuit Courts*,) *Laws* 1838, *p.* 61.

This well-known practice, under which all the constables of the county were required to attend the courts, and to be subject to the directions of the courts in preserving order and performing such duties as are necessary in the transaction of the business of the courts, remained unbroken, so far as I can discover, down to the passage of the act of April 21st, 1876. *Rev.*, *p.* 1292. That act provides that the sheriff of each county shall, at a certain time before each term, select a designated number of constables, and notify them to attend thereat. The constables so selected, if they attend, are alone to receive compensation for attendance. But if some fail to attend, or if the attendance of an additional number is required, provision is made for filling vacancies or calling in such additional number.

The order complained of in this case states that the con-

stable whom the sheriff was directed to summon was necessary for the due transaction of public business, and the sheriff was directed to summon him as an additional constable.

The question presented, therefore, requires the construction of that part of the act of 1876 which authorizes the summoning of additional constables. The clause on that subject is the last proviso of the first section, which reads thus: "And provided further, that if at any time the said judges, or a major part of them, shall deem the attendance of an additional number of constables desirable or necessary for the proper transaction of the public business, they may, by writing, authorize the said sheriff to summon such additional constables." The contention of the sheriff is that, by this language, the power of the judges is limited to determining the necessity or desirability of an additional number of constables, and what number should be summoned. The power of selecting the particular constables to be summoned, he contends, is granted to him. It is upon this construction he declined to obey the order.

The language of this proviso may perhaps be considered to be susceptible of the construction thus contended for. But it is also susceptible of another construction, by which the judges will be entrusted with this power of selection. If the words " may authorize the sheriff to summon such additional constables " may be read " may authorize the sheriff to summon such additional number of constables," they may also be read " may authorize the sheriff to summon such additional constables as they may designate."

In determining which of these readings expresses the intent of the legislature, we are entitled to consider the state of the previous law and the object intended to be gained by the law under construction, and we may also obtain light on this clause by comparing it with other clauses in the same act.

By the law and practice previously in force, the court had the right to the services of all the constables of the county. From them there could be a selection, by the court, of the most competent to perform the duties which are indispensable

to the convenience of the court and suitors, and the dispatch of public business.

The primary object of the statute in question was to diminish court expenses by cutting off unnecessary attendants. To this end, it limits the number to attend under ordinary circumstances. For the selection of that number, which is to be made before the court convenes, it gives power to the sheriff. The contention is as to the selection of such as are afterwards required to attend. The right to require the attendance of other constables exists in two cases, viz., (1) when any of those originally selected fail to attend, and (2) when the major part of the judges deem the attendance of an additional number necessary or desirable, &c.

In the first case the major part of the judges of the Common Pleas, if the necessities of business require it or the Circuit judge request it, are required to direct other qualified constables, of a number they may designate, to serve instead of those originally selected and absent. By this language, no power of selection is, either expressly or by implication, conferred on the sheriff. On the contrary, the language requires the selection by the court in its order directing them to serve.

As the power of selection is conferred on the court in that case, nothing but clear language would lead to the conclusion that in the parallel case of calling additional constables, the power of selection was taken away from the court. When the language is susceptible of two constructions, that should be adopted which is in accord with the practice prescribed by the rest of the act. Besides, the ground on which an additional number of constables may be called is based on the fact that they are required for the due transaction of the public business with which the court is charged. The selection of constables proper for that purpose would seem naturally to be conferred on the officers by whom the business is to be transacted, rather than the sheriff, who is himself a mere ministerial officer of the court.

A comparison of the powers given by section 2 of this act leads to the same conclusion. That section provides for the

discharge of constables attending at the term. The power to discharge is to be exercised by the same judges when they deem the attendance of any of the constables may be dispensed with. In such case they have power to discharge not only so many but such of the attending constables as shall be deemed proper and expedient. The power of selection in this case is given to the judges.

My conclusion therefore is that the act in question empowers the judges of the Common Pleas, when there are vacancies in the number of constables summoned by the sheriff or where, in their judgment, the attendance of more constables is desirable or necessary for the proper transaction of public business, to require the summoning of such constables as they shall select to attend.

The result is that the order of May 1st, 1882, was within the power of the court, and the sheriff, in refusing to obey it, was open to the charge of contempt, which justified the subsequent proceedings shown in the return. The order and proceedings should be affirmed.