JOHN W. COURTER ET AL., APPELLANTS, v. FREDERICK BUTLER ET AL., RESPONDENTS.

Submitted December 10, 1917—Decided January 31, 1918.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The prosecutor was elected sheriff of Bergen county on November 7th, 1916, and duly qualified as such. At that time Frederick Butler, Adam C. Demler, John Valluzzi, Daniel Small, Andrew H. Haring, Irving Waltermire, Paul N. T. Purps, Thomas Gash and Clarence Wouters (nine in all; the positions of Thomas Gash and Clarence Wouters were subsequently abolished) were holding the position of court attendants.

"On the tenth day of December following, the sheriff attempted to remove them by appointing seven others in their places. Those who were marked for removal were Democrats in politics, while the sheriff and his seven alleged appointees are Republicans. No direct notification of their removal, either verbal or written, was given to the defendants. The respondents, under chapter 120 of the laws of 1915, presented a petition to Mr. Justice Parker to review the action of the sheriff. The act referred to is entitled 'A supplement to an

act entitled "An act regulating the employment, tenure and discharge of certain officers and employes of this state, and of the various counties and municipalities thereof, and providing a Civil Service Commission, and defining its powers and duties,"; approved April 10th, 1908.'

"The first point made is that Mr. Justice Parker had no jurisdiction to entertain the petition, because chapter 120 of the laws of 1915 is a supplement to the Civil Service act, and since the Civil Service act was not adopted by Bergen county, the act of 1915 is not applicable to the case presented here.

"The prosecutor also attacks collaterally the adoption of the Civil Service act in Bergen county. But it is manifest and requires no citation of authorities to support the proposition that this cannot be done collaterally, but only in a direct proceeding for the purpose.

"The next point made is that chapter 82 of the laws of 1912 entitled 'A supplement to an act entitled "An act regulating the employment, tenure and discharge of certain officers and employes of this state, and of the various counties and municipalities thereof, and providing for a civil service commission, and defining its powers and duties," approved April tenth, one thousand nine hundred and eight,' under which defendants claim is unconstitutional. It is enough to say that it is manifest to us that that contention is without substance. *Shalvoy* v. *Johnson,* 84 *N. J. L.* 134, 549.

"Under this act appointees like the defendants hold their employments, and are irremovable therefrom except in accordance with the provisions of the Civil Service act.

"It is next argued that chapter 24 of the laws of 1916 sanctions the removal of defendants. That act simply authorizes the sheriff to appoint from the body of electors such and so many persons as may be necessary to attend upon the several courts of his county, and to perform the duties now performed by the constables of the county, summoned to attend such courts. This, it is obvious, does not authorize the sheriff to remove attendants upon the court. It em-

powers him only to appoint when such appointment is necessary, as in case of a vacancy or other contingency.

"The last point made is that the sheriff had a right to make appointments within forty-five days after the adoption of the act. But, for the reasons already advanced, it is manifest that that right was intended to be exercised under another situation than that presented by this record, and is not applicable to the case of these defendants.

"We think the disposition made of the question made by Mr. Justice Parker was correct, and that the writ in this case should be dismissed, and the order appealed from affirmed." .

For the appellants, *John B. Zabriskie* and *Wendall J. Wright.*

For the respondents, *Ernest L. Quackenbush.*

Per Curiam.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—The Chancellor, Garrison, Trenchard, Bergen, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 10.

*For reversal*—None.