WILLIAM SAWYER ET AL., PLAINTIFFS-APPELLANTS, v. COUNTY OF CAMDEN, DEFENDANT-RESPONDENT.

Argued October 20, 1938—Decided February 6, 1939.

For the plaintiffs-appellants, *Carl Kisselman.*

For the defendant-respondent, *Walter S. Keown* and *William A. Early King.*

The opinion of the court was delivered by

WELLS, J.  This is a suit by several plaintiffs against the defendant, County of Camden (hereinafter called County or defendant), for salary alleged to be due them as "court attendants."  Their action is based upon the failure of the County to pay them salaries in accordance with chapter 152, *Pamph. L.* 1937; *R. S.* 2:16-40 (hereafter referred to as act of 1937), which provides that in each county having a population between one hundred and seventy-five thousand and four hundred and seventy thousand inhabitants (Camden county being within that classification), the court attendants engaged in attending the Circuit Court, Court of Oyer and Terminer, Court of Common Pleas, Court of Quarter Sessions, and Criminal Judicial District Courts, shall receive and be paid monthly in lieu of all fees, mileage, or other allowances, an annual salary ranging from $2,000 to $2,800, depending upon the number of years of service.

The answer of the County was a general denial of the allegations of the complaint and it set up several defenses, one of which was that plaintiffs were not "court attendants" within the provisions of said act of 1937, and were therefore not entitled to the salary specified therein.  The County contended that the plaintiffs were sheriff's employes hired under authority of chapter 53, *Pamph. L.* 1906, as set forth in *R. S.* 40:41-31, as follows:

"The sheriff shall select and employ the necessary deputies, chief clerks and other employes, who shall receive such compensation as shall be recommended by the sheriff and approved by the board of chosen freeholders.  *  *  *"

Furthermore, defendant says that the proofs clearly show that the status of each of the plaintiffs was that of a constable and their rate of pay was such as was fixed for constables attending courts by chapter 89 of *Pamph. L.* 1926, which act was not modified in any respect by the act of 1937 but still remains in full force and effect as found in *R. S.* 2:16-43 as follows:

"The constables of the several counties shall receive for each and every day they are engaged in attendance upon the

circuit court, the court of common pleas, the court of oyer and terminer, and the court of quarter sessions in their respective counties, the sum of five dollars, which shall be in full and in lieu of all mileage or other allowances authorized prior to March twenty-third, one thousand nine hundred and twenty-six."

It is undisputed that up until the enactment of the said act of 1937, which became effective June 2d, 1937, the plaintiffs had been paid $5 per day when attending court and $4.50 a day when acting as guards at the jail; that the County continued to pay, and the plaintiffs accepted, without protest, this *per diem* payment for the days they actually worked up to June 2d, 1937; this suit being brought to recover the difference between the *per diem* compensation received by the plaintiffs for services performed by them subsequent to June 2d, 1937, and the salaries they claim to be due them as "court attendants" under the said act of 1937.

The plaintiffs deny that they were appointed under chapter 89, *Pamph. L.* 1926, *supra,* but claim that their appointments were made under the provisions of chapter 248, *Pamph. L.* 1916, as re-enacted in *R. S.* 2:16-38, which is as follows:

"The sheriff of each county of this state shall appoint, from the body of the electors of his county such and so many persons as may be necessary to attend upon the several courts of his county and to perform the duties required to be performed by constables of the respective counties summoned to attend such courts."

At the conclusion of the case there were motions for direction of a verdict made by plaintiffs and defendant.

It is the contention of the plaintiffs that there were no disputed questions of fact and that the issue was one for the court and required the direction of a verdict in their favor.

Both motions for direction were denied by the trial court and the case was submitted to the jury on the sole question of whether or not plaintiffs were in fact "court attendants," it being conceded that if they were, they were entitled to recover the amount specified by the act of 1937.

The jury found the issue in favor of the defendant.

The propriety of the court's ruling denying plaintiffs' motion for a direction of a verdict in their favor is the only ground argued on this appeal.

Our examination of the statutes concerning the appointment of constables, court attendants, sheriffs' deputies, clerks, employes, &c., and of the conflicting testimony adduced at the trial, leads us to the conclusion that there was a real question of fact in dispute as to whether or not the plaintiffs were "court attendants" within the meaning of said act of 1937.

There was testimony tending to show that the plaintiffs were appointed to act as court attendants and to take prisoners to and from the jail, hospitals, and to attend grand and petit juries. This testimony, plaintiffs say, established as a matter of law that they were "court attendants."

There was testimony, on the other hand, that they were engaged to perform such duties as were assigned to them by the sheriff, no matter what these duties might consist of or what part of the job they might be connected with, whether it be attending courts or doing any work outside of or unconnected with the courts; that they were not in continuous service but were appointed for one term of court only to serve by the day as they were called upon, and that they received no compensation for days on which they performed no work.

There was nothing in writing to indicate the duties they were to perform. There was testimony indicating that it would have been proper for the sheriff to have assigned any of the plaintiffs to services which would never bring them into the presence of the court and which, in fact, could not possibly be said to be within the duties of "court attendants."

Every court has, or should have, officers present attendant on the court for the purpose of preserving order, taking charge of the jury, and other work incidental to the trial of cases. By usage, court attendants' duties may be well defined and generally known and understood. None of the plaintiffs, under the testimony, did work as court attendants exclusively, and it does not appear from the testimony that it was the intention of the sheriff or the understanding of the plaintiffs,

when they were appointed, that they were to be solely court attendants. They were rather utility men or women, appointed by the various sheriffs, to perform general duties, including attendance at court, if required.

It is true that there was testimony stressed by plaintiffs, that they wore badges containing the inscription "court attendant." This, however, was after the act of 1937 was enacted and after this suit was started and obviously can have very little, if any weight in determining their status.

Counsel for plaintiffs says that the opinion adopted by this court in *Howley* v. *Wyckoff*, 99 *N. J. L.* 288, has "done away with" the contention of the County that chapter 249, *Pamph. L.* 1916; *R. S.* 2:16-38, *supra*, is not the exclusive authorization for the appointment of persons to attend court, or that constables may be appointed by the sheriff under some other act. We do not regard the Howley case in point. It deals with the right of a sheriff to dismiss for political reasons a court attendant who was an exempt fireman. It was stipulated that Howley was duly appointed in 1916, to the position of "court attendant" under the act of 1916 for a term not fixed by law, and that he had continued to hold his position *without further appointment* until November, 1920, when a newly elected sheriff undertook to summarily dismiss him. This court held that he was protected by the Tenure of Office act of exempt firemen. In the instant case the sole question in dispute was the point conceded in the Howley case, namely whether the plaintiffs were duly appointed court attendants.

Plaintiffs warn us that if they are to be deprived of their statutory remuneration as "court attendants," then there are no such persons as "court attendants" and all the statutes, including the act of 1937 are useless and have no application in any circumstances.

This need not give us any concern, for in the Revision of 1937 (*R. S.* 2:16-49) it is provided that when, in any county court attendants have not been appointed for the several county courts thereof pursuant to section 2:16-38 (which is chapter 248, *Pamph. L.* 1916, *supra*, and the act under which plaintiffs claim to qualify as "court attendants"), the sheriff of such a county shall, at least ten days before the commence-

ment of each regular term of the Circuit Court to be held in such county, select and make a list of constables, who shall attend as constables at the next term of the Circuit Court in such county.

There is therefore a provision for the sheriff to select constables as court attendants, if the court attendants shall not have been appointed in accordance with the act of 1916, as re-enacted in 1937.

In November, 1936, the County adopted the provisions of the Civil Service law, which served to give to the plaintiffs the protection afforded by that act to whatever positions they held at the time the act was adopted. They were not classified by civil service as being entitled to the benefits of the act of 1937.

Plaintiffs point out that they were classified on the county payroll as "court attendants" and argue that this establishes their status as such and entitles them to receive the salaries specified in the act of 1937. We do not think so. While they were so classified yet they were classified as being entitled to receive, and did receive, compensation of $5 per day for the days they worked.

It is the status conferred upon the plaintiffs by their appointments and the nature of the duties they were appointed to perform, and did perform, rather than a mere designation on the payroll, which determines whether or not they were "court attendants" within the meaning of the act of 1937.

The jury could believe from the testimony that the last appointments of the plaintiffs were made pursuant to *R. S.* 2:16-49, *supra.* If so, it may well be argued that their status as appointees under that act will continue until some action is taken by the sheriff to regularly appoint the plaintiffs to the position of court attendants and assign them duties which will leave no doubt as to their status.

It should be noted that in 1915 a statute was enacted as chapter 1936, *Pamph. L.* 1915, which as re-enacted in *R. S.* 2:16-45 provides that in each county having not less than two hundred thousand and not more than three hundred thousand inhabitants (Camden county being within that classification) and which has adopted or may adopt civil service, all con-

stables and court attendants attached or assigned to the Circuit Court, Court of Common Pleas, the Court of Oyer and Terminer and the Court of Quarter Sessions in such counties shall, in lieu of all fees, mileage or other allowance, receive a salary of not less than $1,092 per annum, the salaries to be fixed by the board of chosen freeholders of any such county, upon the recommendation of the judge of the Court of Common Pleas of any such county, and shall be paid semi-monthly.

If the plaintiffs were "court attendants" they would have been entitled under this act to receive salaries at the rate of $1,092 per year for services rendered between November, 1936 (the time of the adoption by the county of civil service) and June 2d, 1937 (the time the act of 1937 became effective). It is significant that none of the plaintiffs claimed the benefit of the act of 1915 or the salary mentioned therein. This would indicate that if the plaintiffs did not regard themselves as "court attendants" under the 1915 act and were never employed and treated as such when the salary limit was $1,092, they could not rightfully consider themselves or claim to be "court attendants" under the act of 1937, the purpose of which is similar to that of the 1915 act.

We are of the opinion that the testimony of the plaintiffs in an attempt to bring themselves within the act of 1937 as court attendants was contradictory and that the facts presented by the plaintiffs were sharply controverted and contradicted by the defendant, and that the action of the trial court in permitting the jury to pass upon the question was proper.

This makes it unnecessary to consider the last point argued by defendant that the act of 1937 is unconstitutional and void as being in contravention of article 4, section 7, clause 4.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.