CHARLES J. J. CHAPMAN, PETITIONER, v. JOSEPH E. FROBISHER, MAYOR, JOHN I. KIRK, THOMAS FLYNN, JOSEPH M. HEALEY, MATTHEW CLARK, JAMES FLEMING, FREDERICK T. LAW, JOHN O. BENSON, JAMES JOHNSON, COUNCILMEN, AND THE TOWN OF KEARNY, RESPONDENTS.

Submitted July 7, 1939—Decided August 9, 1939.

Before BROGAN, CHIEF JUSTICE.

For the petitioner, *Charles E. McCraith, Jr.,* and *Leo S. Carney.*

For the respondents, *John H. Cooper* (*Duane E. Minard,* of counsel).

BROGAN, CHIEF JUSTICE. This matter is before me on petition and rule, depositions taken in aid thereof and a stipulation embracing the facts conceded by the parties. The petition was filed by Charles J. J. Chapman, delineating his own legal status and his right to the post of street commissioner of the town of Kearny and praying for an order to show cause "why the appointment of Harley S. Edwards to the position of street commissioner of the town of Kearny should not be set aside." A brief statement of the legal situation is as follows:

Mr. Chapman, a citizen of the town of Kearny, claiming to be entitled to the post of street commissioner of that town, rests his claim upon these facts: That the town of Kearny is operating under and subject to an act of the legislature known as the Civil Service act (*R. S.* 11:19-2, *et seq.*) adopted by the people of Kearny on June 22d, 1938; that the post in question being vacant on October 1st, 1938, the Civil Service Commission, at the request of the governing body of Kearny, held an examination for the purpose of certifying persons qualifying and eligible for the position of street commissioner; that as a result of said examination the petitioner was certified as eligible; that petitioner is an honorably discharged war veteran and that by force of the statute—*Pamph. L.* 1938, *ch.* 381, *p.* 952—providing that "whenever the name of a veteran * * * shall be among those certified to the appointing authority the choice of the appointing authority shall be limited to the veteran or veterans whose name or names are included in such certification, regardless of position on the list," petitioner was entitled to the appointment, but that, notwithstanding the certification of the Civil Service and the status of the petitioner as a veteran, the governing body appointed Harley S. Edwards to the position, in defiance of the statute, *supra*.

The governing body, in justification of the appointment of Mr. Edwards, contends that the post of street commissioner is an office, created by ordinance, with a fixed term and that therefore it does not come within the purview of the Civil Service act as to classified service, relying on *McKenzie* v. *Elliott,* 77 *N. J. L.* 43; *McGrath* v. *Bayonne,* 85 *Id.* 189,

192; *Browne* v. *Hagen,* 91 *Id.* 544; and that the action of the governing body, in asking the Civil Service Commission to hold an examination for this post was a mistake.

In further justification of the appointment of Edwards, it is said that the appointment is valid by virtue of the statute (*R. S.* 11:27-11.1; amended, *Pamph. L.* 1938, *ch.* 38, *p.* 113) because he, too, was an honorably discharged veteran, and, in addition, was awarded a Distinguished Service Cross at the time of the World War for extraordinary heroism by the president of the United States and that the statute, *supra,* provides that such person may be employed or promoted, "without complying with any of the rules and regulations of the Civil Service Commission." As to this, petitioner argues that at the time of the award of the Distinguished Service Cross the said Harley S. Edwards was not a resident of this state, as required by the statute as amended. The Distinguished Service Cross was actually awarded Edwards on January 11th, 1919, in France, although the certificate signed by the Secretary of War of the United States was not actually given him until some time in 1925. From this it is urged that the 1938 statute does not avail Mr. Edwards because at the time of the *actual* award he was not a resident of the State of New Jersey, it appearing that at the time of his enlistment he resided at Titusville, Pennsylvania.

It is, of course, clear that if the office in question has a fixed term the Civil Service law does not apply since it applies only to offices and employments the terms of which are not fixed by law. *Browne* v. *Hagen, supra.* The petitioner contends that the ordinance fixing a term for this office was repealed by the ordinance whereby the provisions of the Civil Service law were adopted on June 22d, 1938. Whether this is so is not clear—the latter ordinance is not printed in the record submitted to me. It is also rather significant that the resolution appointing Mr. Edwards does not recite that it is for the term fixed in the ordinance upon which the governing body relies to defeat the claim of the petitioner.

But, however this may be, I do not think that this case is one to be decided in a summary way under the statute—*R. S.* 11:25-4, *et seq.* That statute comprehends review and deter-

mination of questions involving violations of the provisions of the Civil Servce law. The question here is whether there has been such violation and that depends upon whether the post in question is under and regulated by such law.

The prayer of the petition is that the appointment of Edwards be set aside. To grant that prayer would not put the petitioner in office. There is no prayer for that purpose. Here we have an office presently held by Edwards to which Chapman thinks, under all the circumstances above mentioned, he is entitled. I think that the petitioner has complete remedy by invoking writ of *quo warranto,* the object of which is to have one in possession of an office adjudged guilty of usurpation. Here the title to office is the matter to be tried and I think under our cases, and under the facts and circumstances here exhibited, it is necessary to resort to writ of *quo warranto* (see *Bradshaw* v. *City Council of Camden,* 39 *N. J. L.* 416, a leading case on the subject in this state).

The petition is therefore dismissed, without prejudice, so that the petitioner may, as relator, file an information in the nature of a *quo warranto* if he so desires. Costs will not be allowed.