THE CITY OF CAMDEN, A MUNICIPAL CORPORATION, PROSECUTOR, v. CIVIL SERVICE COMMISSION AND WILLIAM J. SHEPP, DEFENDANTS.

Argued October 8, 1942—Decided January 19, 1943.

Before Justice CASE, DONGES and COLIE.

For the prosecutor, *Gene R. Mariano*.

For the defendant, *William J. Shepp, pro se.*

The opinion of the court was delivered by

COLIE, J. *Certiorari* was allowed to review an order of the Civil Service Commission setting aside the action of the Director of Revenue and Finance of the City of Camden dismissing William J. Shepp from the position of assistant city

counsel and directing the Director of Revenue and Finance to restore him to his pay and position as assistant city counsel. The order of the Civil Service Commission was retroactive to July 15th, 1942, the date of his dismissal or removal.

The defendant commenced his service on May 1st, 1938. The mayor of Camden having written a letter to the Civil Service Commission as follows:

"April 27th, 1938.

This is to advise you of the appointment of William J. Shepp, Esq., as Assistant City Council, effective May 1st, 1938, at a salary of $2,400 per year less the usual 5% deduction. I will thank you to mark your records to this effect."

The defendant continued to perform services as assistant city counsel until he received a letter from the Director of Revenue and Finance reading:

"July 14th, 1942.

Dear Mr. Shepp:

You are hereby advised that your services in the Legal Bureau, Department of Revenue and Finance, will not be required after July 15th, 1942."

From the date of his appointment until dismissed on July 15th, 1942, the defendant performed the duties assigned to an assistant city counsel. He never took an oath of office and filed no bond until September 21st, 1939. After his dismissal, defendant appealed to the Civil Service Commission which held him to be in the exempt division of the classified service of the municipality and therefore protected from dismissal without cause.

The prosecutor, City of Camden, sets up seven reasons why the action of the Civil Service Commission is erroneous. They are (1) that defendant did not qualify for the office as required by law; (2) that defendant was appointed for a definite term; (3) that the ordinance creating the office of assistant city counsel and fixing the term thereof was adopted prior in time to the adoption of the Civil Service Law; (4) and (5) that the office of assistant city counsel is not or should not be in the classified service; (6) and (7) that the order of the Commission was beyond its jurisdiction and was otherwise illegal.

The argument presented by the City of Camden proceeds along the line that the defendant never qualified for the office of assistant city counsel because he neither took nor filed the oath of allegiance or oath of office prescribed by statute and by the charter of the city. Our attention is directed to *R. S.* 40 :46-19; *R. S.* 41 :1-1 and 3 and to section 18 of the city charter. A reading of these enactments clearly indicates that the requirements of an oath of allegiance or office refer respectively to "every person elected or appointed to any *office* in any municipality" and to "every person elected or appointed to any public *office* in this state or in any county or municipality therein." The charter provision reads: "every person elected or appointed to any *office*" shall take an oath. Thus we are posed the question of whether an assistant city counsel holds an office or a position. This court in *Fredericks* v. *Board of Health of West Hoboken,* 82 *N. J. L.* 200, held that an office is a place in a governmental system created or recognized by the law of the state which, either directly or by delegated authority, assigns to the incumbent thereof continuous performance of certain permanent public duties, whereas a position differs from an office in that its duties may be non-governmental and not assigned to it by any public law of the state. This holding has been adopted by the Court of Errors and Appeals in *Brodman* v. *Rade,* 101 *N. J. L.* 207. The duties of an assistant city counsel are fixed by section 34 of the Compiled and Revised Ordinances, adopted in 1906. We quote it at lenth:

Section 34: "It shall be the duty of the said assistant city counsel to assist the city counsel of said city of Camden, and to perform such duties as may be imposed upon him by the ordinances of the city of Camden and as shall, from time to time, be required of him by the said city counsel. And said assistant city counsel shall perform all his duties under the direction and authority of the city counsel, and during the temporary absence or disability of said city counsel he shall have power, by written authorization of the city counsel, to perform such duties as may be set forth in said written authorization."

This ordinance has been amended from time to time but

the language above quoted remains unchanged. It is patent that section 34 does not assign any "permanent public duties." What it does is to require the incumbent to perform such duties as may be imposed upon him by ordinance or required of him by the city counsel. Prosecutor does not direct our attention to any ordinances imposing duties upon the assistant city counsel and we will not assume their existence. The defendant testified that his duties were assigned to him by the city solicitor. The duties are not assigned by any public law of the state and we find, under the proofs before us, that defendant occupies a position and is not the holder of an office.

Under its first point prosecutor argues that by an ordinance of the city, an assistant city counsel is required to post a bond in the amount of $5,000, later reduced to $1,000, and that defendant failed to do so until September, 1939, approximately seventeen months after assuming his duties. It is said that the defendant did not attain *de jure* status because of the provision of an ordinance that "if any officer shall neglect to execute the bond herein required of him within thirty days after the date of his election or appointment, his office may be declared vacant" and of the provisions of *R. S.* 40:46-20 providing for the filing of a bond where required so to do by the municipality. The act concludes: "Upon the failure of any such officer to deliver his bond as aforesaid, within thirty days after the commencement of his term of office, including those elected or appointed to fill vacancies, his office shall be deemed to be vacant."

An examination of the ordinance and statute quoted above discloses no intent to make the filing of a bond a condition precedent to the acquisition of *de jure* status by the incumbent. The fact that both ordinance and statute provide a thirty day period within which the bond may be filed, bespeaks an intent that the incumbent enjoys *de jure* status from the time of assumption of his duties. The quoted provisions with reference to a failure to file the bond are directory and in the absence of an express provision that such failure, *ipso facto,* vacates the office or position, the bond may be filed thereafter, if no vacancy has been declared. *Cf. Dillon on*

*Municipal Corporations* (4th ed.), § 214; *Tiedeman on Municipal Corporations,* § 72.

By section 33 of the compiled and revised ordinances of Camden, the term of office of "an assistant to the city counsel" was fixed at three years. By an ordinance passed in 1923 the term of the "Assistant City Counsel" was changed to one year. We assume that the first ordinance referred to deals with the same subject-matter as the second, despite the variation in the language which we have noted.

In 1923, the City of Camden adopted the Civil Service Act. *R. S.* 11:1-1, *et seq.* The power of the municipality to prescribe "the terms of office or employment of all officers and employees" is a qualified power, limited by the phrase "except as otherwise provided by law." If the provisions of *R. S.* 11:1-1, *et seq.,* provide otherwise as to the term of office of a given type of employee, then the municipal ordinance must give way to the general legislation. *Devaillon* v. *City of Elizabeth,* 121 *N. J. L.* 380. Examining the pertinent section of the Civil Service Act, we find in *R. S.* 11:22-26 that "The exempt class of the classified service shall include * * * (b) the legal assistants of the law department of the * * * municipalities * * * operating under this subtitle." All municipal employees not enumerated in the unclassified group come within the protection of the Civil Service Act and it is suggested that the defendant is within the unclassified service which includes "law officers of a * * * municipality." *R. S.* 11:22-2 (*e*). Our finding that defendant is the holder of a position, not of an office, is dispositive of this argument. If, as prosecutor argues, an assistant city counsel should not be in the classified group and therefore within the protection of the Civil Service Act, his arguments might better be addressed elsewhere. Since the legislature has seen fit to classify them, we have no authority to remove them and place them in the unclassified category.

Lastly, it is asserted that the Civil Service Commission exceeded its jurisdiction when it ordered "the said Director of Revenue and Finance be and he is hereby directed to restore the said William J. Shepp to his pay and position as assistant city counsel, effective July 15th, 1942." The power of the

Civil Service Commission to nullify the dismissal and to order reinstatement is not open to question. The power to order payment of salary would seem to necessarily go with and implement the power to reinstate.

The order of the Civil Service Commission under review is affirmed, with costs.