This action, instituted by the Board of Chosen Freeholders of the County of Passaic, seeks to establish the powers of the respective parties with reference to the appointment of court attendants. It is submitted for determination upon a brief stipulation of facts, setting forth that four court attendants were discontinued during the past three or four years by virtue of death or retirement, and that no replacements have been made; that the Sheriff will testify that in his opinion there is a necessity for the appointment of two additional court attendants; that the plaintiff will testify that in their opinion there is no need for additional court attendants; that the Sheriff requested the plaintiff on December 30, 1948 to make provision in the 1949 budget for four additional court attendants; that the plaintiff did not make provision for any additional court attendants in the 1949 budget, and that said budget contains no provision for any additional court attendants. *Page 604 
It is conceded that the situation is controlled by R.S.
2:16-38, providing that:
"The sheriff of each county of this state shall appoint, from the body of the electors of his county such and so many persons as may be necessary to attend upon the several courts of his county and to perform the duties required to be performed by constables of the respective counties summoned to attend such courts."
Defendant, Sheriff of the County of Passaic, on December 30, 1948, notified the Board by letter of his intention to make two appointments, and on February 10, 1949, again by letter, advised the Board of his appointment of the co-defendants, effective February 16, 1949, and on February 23, 1949, a notice to desist from performing any duties was served upon said appointees.
Plaintiff seeks to have the appointments vacated, or, in the alternative, to have the Court declare the rights of the respective parties, contending that the necessity of any appointment by the Sheriff is subject to the approval of the Board, while the defendant maintains that he has sole discretionary power of appointment and that the Board attempts to invade and interfere with the conduct of his office.
The Sheriff is an elective constitutional officer, charged by law with the performance of important and well-defined duties, and responsible to the people — it is hardly to be presumed that the Legislature intended that he should in any wise be hampered in the proper performance of those duties. The statute is significantly silent as to the requirement of any approval on the part of the Freeholders, although virtually every other such appointive statute specifically requires either approval or joint action.
The factual question of necessity has not been presented and, in my opinion, is not a determining factor in the present situation, for the appointments by the Sheriff were, concededly, made to fill existing vacancies, and the Supreme Court inCourter v. Butler, 91 N.J.L. 683, held that the cited statute "empowers him only to appoint when such appointment is necessary, as in case of a vacancy or other contingency." *Page 605 
My conclusion is that the appointments of co-defendants by the Sheriff, having been made to fill existing vacancies, are valid and effectual.