25 N.J. Super. 557 (1953)
96 A.2d 776
BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, A BODY POLITIC AND CORPORATE IN LAW OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
LOUIS P. BRENNER, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1953.
Decided May 14, 1953.
*560 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Frederick J. Gassert argued the cause for the plaintiff-appellant and cross-respondent (Mr. Daniel T. O'Regan, attorney).
Mr. Frank G. Schlosser argued the cause for the defendant-respondent and cross-appellant.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The substantial question is whether the defendant Louis P. Brenner (hereinafter referred to as "Brenner"), had such civil service protection in his position in the Hudson County Law Department as precluded his dismissal without being furnished with a written statement of the reasons therefor and without being allowed a reasonable time to make answer to any charges that might have been presented against him.
Mr. Brenner was appointed assistant county counsel by the board of chosen freeholders (hereinafter referred to as the "board"), without term, on April 22, 1948, effective May 1, 1948, and served in that capacity until his services were terminated by the board on January 12, 1950.
The Civil Service Commission had placed Brenner in the exempt classification in 1948, but when he appealed his 1950 dismissal, the Commission denied him a hearing, reversing the earlier decision that he was in the exempt classification and held that he was the holder of an office for a fixed term, under the provisions of R.S. 40:20-26, and that as assistant county counsel he was a law officer and in the unclassified service under R.S. 11:22-2, and, therefore, that his dismissal in 1950 was legal.
An appeal was taken by Brenner from this determination, but before the appeal was heard the issue was settled by stipulation of the parties that Brenner would be restored to his position, waiving his claim to back salary. The board contends that Brenner was reappointed and not restored. He continued in his position until again dismissed by the *561 board on December 3, 1951, on the adoption of a resolution terminating his employment.
On January 4, 1952 Brenner presented a verified complaint for summary review of the board's action to Judge Proctor, assignment judge for the Superior Court, Hudson County, seeking relief under R.S. 11:25-4. Judge Proctor signed an order directing the board to show cause why Brenner should not be reinstated, assigning Judge Joseph L. Smith to hear and determine same. Judge Smith decided the issue in favor of Brenner and entered an order to that effect on June 2, 1952.
The board instituted an action in lieu of prerogative writ in the Law Division, Hudson County, on July 16, 1952, to review the decision of Judge Smith.
In his answer Brenner challenged the jurisdiction of the trial court, contending that the board's appeal should have been to the Appellate Division of the Superior Court instead of the Law Division. The trial court affirmed the order of Judge Smith restoring Brenner to his position of assistant county counsel, dismissed the board's complaint and denied Brenner's motion to dismiss the board's complaint for lack of jurisdiction. Both the board and Brenner appealed from the ensuing judgment.
R.S. 11:25-4 provides as follows:
"When a board or body or public officer, official or employee of a county, municipality or school district, operating under this subtitle, violates any of the provisions of this subtitle in selecting persons for employment, or in the designation of any employee for appointment, or in the suspension or removal of employees from office, a citizen of this state may cause a summary review to be had of such illegal or unlawful action, by presenting a verified petition to one of the justices of the supreme court."
The board contends that Brenner, being the holder of the office in question, was not a citizen within the contemplation of R.S. 11:25-4; therefore, the remedy thereunder was unavailable to him; that R.S. 11:22-38 prescribes that the method of appeal by an affected employee should be directed to the Civil Service Commission within ten days of the *562 cause of the aggrievement; that R.S. 11:25-4 was not intended to permit an alternative remedy; that Judge Smith acquired no jurisdiction to hear the matter as the legislative agent, inasmuch as R.S. 11:25-4 provides for "* * * presenting a verified petition to one of the justices of the supreme court"; that the petition was presented to Judge Proctor; that he had no power to assign the matter to Judge Smith, in that powers of assignment refer only to court cases and not to matters of this nature wherein his authority is limited to that of a legislative agent; that under R.S. 40:20-26, an assistant county counsel is a "law officer of the county" and hence in the unclassified Civil Service and acquires no tenure protection, but may be dismissed at the pleasure of the board.
Brenner contends that the board's complaint in lieu of prerogative writ should have been dismissed by the trial court; that a summary review under R.S. 11:25-4, was available to him; that the Superior Court judge had jurisdiction over the proceeding held under the said statute; that an assistant county counsel is a "legal assistant" in the county law department and in the exempt class of the Civil Service. He denies that he was an "officer" holding a term appointment under R.S. 40:20-26, and contends that his restoration to his former employment on February 8, 1951, amounted to a continuation of his original appointment, pre-dating L. 1948, c. 121, which removed his position from tenure protection of the Civil Service laws, and that, therefore, he remained in the exempt class and within the protection of the Civil Service laws and that his dismissal on December 3, 1951 was unlawful.
Initially, we feel constrained to examine into the status of Brenner's employment with the county. It is conceded that his title was that of assistant county counsel and the uncontroverted evidence in the record is that his duties were those received by assignment from the county counsel; that they were routine, general tasks, and consisted of acting as counsel in whatever manner required of him by the county counsel. A resolution adopted by a former board of chosen *563 freeholders in 1924 designated certain duties of an "Assistant County Counsel." However, it is asserted that this was not binding upon subsequent boards and that each board enacted its own rules and regulations. We apprehend no difference between the status of an assistant municipal counsel and an assistant county counsel under such circumstances. City of Camden v. Civil Service Commission, 129 N.J.L. 354 (Sup. Ct. 1943), affirmed 130 N.J.L. 532 (E. & A. 1943). The language of R.S. 11:22-26 specifically provides that "The exempt class of the classified service shall include: * * * b. The legal assistants of the law department of the counties, municipalities or school districts operating under this subtitle except as herein otherwise provided; * * *." Brenner was clearly a legal assistant to the chief counsel of the governmental subdivision and as such, was in the exempt class and protected by the Civil Service laws. Cf. City of Hoboken v. Civil Service Commission, 137 N.J.L. 728 (E. & A. 1948).
Similarly, from our examination into the employee's status to determine whether he occupied a "position" or was an "officer" within the intendment of R.S. 40:20-26, we conclude that Brenner was an occupant of a position. Mr. Justice Case, in Wilentz ex rel. Golat v. Stanger, 129 N.J.L. 606, 614 (E. & A. 1943), examined into the difference in definition of the two designations, wherein he stated:
"We may discover the fundamentals of the term `office' from the definitions given in opinions by two of our eminent jurists. Mr. Justice Dixon, in Stewart v. Board of Chosen Freeholders of Hudson, 61 N.J.L. 117, defined and distinguished the terms `office' and `position' thus: `"An office" is a place created, or at least recognized, by the law of the state, and to which certain permanent public duties are assigned either by the law itself or by regulations adopted under authority of law. * * * "A position," within the purview of this act (viz., Gen. Stat., p. 3702), is defined to be a place, the duties of which are continuous and permanent, analogous to those of an office, and which pertain to the position as such.'
Mr. Justice Garrison, in Fredericks v. Board of Health, 82 N.J.L. 200, said: `An office is a place in a governmental system created or recognized by the law of the state which, either directly or by delegated authority, assigns to the incumbent thereof the continuous performance of certain permanent public duties. * * * *564 A position is analogous to an office, in that the duties that pertain to it are permanent and certain, but it differs from an office, in that its duties may be non-governmental and not assigned to it by any public law of the state. * * * An employment differs from both an office and a position, in that its duties, which are non-governmental, are neither certain nor permanent.'
To like effect, McGrath v. City of Bayonne, 85 N.J.L. 188.
A textbook definition, taken from Mechams' Public Off., p. 1, § 1, and incorporated with approval by Mr. Justice Van Syckel in his opinion in Oliver v. City of Jersey City, 63 N.J.L. 96, is:
`A public office is the right, authority and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer.'"
Examination of the duties of the assistant county counsel, the proof of lack of separable permanent existence in the governmental scheme, or distinct endowment of duties, which, in fact, as to their nature and extent, were under the personal direction and control of the chief counsel, convince this court that an assistant county counsel occupies a position and not an office (for the latter of which a term appointment was not made as required under R.S. 40:20-26), thus bringing Brenner's position within the purview of the classified Civil Service Act. The operation and effect of R.S. 40:20-26 must not be so construed as to afford the board the opportunity or means of thwarting the Civil Service laws of this State.
"This construction is vital to the principal of civil service in municipal government, i.e., tenure during good behavior; for, if the statutes be read as vesting in the governing body authority to prescribe a fixed term for the individual position, the operation of the Civil Service law will be optional with the governing body, and thus deprived of the attribute of a permanent policy, notwithstanding its acceptance by the electorate. This legislative purpose is not to be implied; it must be expressed in clear and unequivocal la guage." Davaillon v. City of Elizabeth, 121 N.J.L. 380, 387 (Sup. Ct. 1938).
We wish to consider next the availability of R.S. 11:25-4 to Brenner as an employee seeking review of an *565 action of dismissal by the board. R.S. 11:25-4 provides that the summary review may be inaugurated "* * * by presenting a verified petition to one of the justices of the supreme court." The jurisdiction of the former Supreme Court justices having been transferred by constitutional amendment to the present Superior Court, the authority of review under R.S. 11:25-4 is now exercised by a judge of the Superior Court (R.S. 1:1-22).
The Civil Service Act was originally adopted in 1908 (L. 1908, c. 156, p. 235), and is entitled "An Act regulating the employment, tenure and discharge of certain officers and employes of this State, and of the various counties and municipalities thereof, and providing for a civil service commission, and defining its powers and duties." L. 1915, c. 120, p. 209, is a supplement thereto. The 1915 supplement was repealed by L. 1930, c. 37, p. 93, at p. 169, but was substantially re-enacted in 1935 (L. 1935, c. 204, p. 488), and incorporated in the 1937 Revision as R.S. 11:25-4. In the case of O'Neill v. Johnson, 99 N.J.L. 317 (Sup. Ct. 1924), the court held that L. 1915, c. 120, was repealed by L. 1917, c. 170 (now R.S. 11:25-1, as amended by L. 1935, c. 202), on the ground that "manifestly it was not the legislative intention that both acts should stand together." However, as hereinbefore stated, the Legislature substantially re-enacted the provisions of the 1915 act when it adopted L. 1935, c. 204, and incorporated same in the 1937 Revision. Being supplemental to the Civil Service law of 1908, the 1935 act (now R.S. 11:25-4) provided an additional procedure for review of alleged improprieties by the employing governmental subdivision. The case of Courter v. Butler, 91 N.J.L. 683 (E. & A. 1918), is authority for the holding that an employee may avail himself of the review provided by that statute. Cf. Chapman v. Frobisher, 123 N.J.L. 127 (Sup. Ct. 1939) and In re Allen, 95 A. 215 (Sup. Ct. 1915).
More recently, in the case of Adams v. Atlantic City, 26 N.J. Misc. 259, 262 (Sup. Ct. 1948), it was held that a question of preference under the Civil Service Act was one *566 "* * * for presentation, in the first instance, to the Civil Service Commission, under R.S. 11:22-38 or 11:25-1; N.J.S.A. 11:22-38 or 11:25-1, or by petition to a Supreme Court Justice for summary review under R.S. 11:25-4; N.J.S.A. 11:25-4." (Italics ours.) Clearly, the procedure for review is in the alternative, and in the absence of provisions to the contrary, the course of action to be followed is at the election of the complaining party. It seems to be of particular significance that the legislative enactment provides that "any citizen" may pursue the remedy indicated. Brenner certainly comes within that classification. If the legislative intendment was not to include an aggrieved employee, the Legislature could have readily so stated.
It may well be that under our present judicial system, the ultimate object of which is to provide an expeditious and economical procedure, a more satisfactory result would be achieved if the remedy to test the validity of such action as is here under review, were limited to the appeal provided for under R.S. 11:22-38 et seq. However, to accomplish such a change is not within our judicial prerogatives.
We do not concur in the board's position that Brenner received a reappointment February 8, 1951, subsequent to the passage of R.S. 11:22-2 which removes his employment from the protection of the Civil Service laws, and, therefore, his dismissal December 3, 1951, was valid. The settlement between Brenner and the board was made on a stipulation that clearly indicates a proposed restoration to his former position and that he would waive his claim to back salary. The effect of this agreement is to make his restoration retroactive to the date of his dismissal, i.e., a reinstatement which acts to nullify the dismissal and to remove it as a break in the employee's service. This makes for a continuity of service by the employee pre-dating the removal of his position from protection by the Civil Service laws and perpetuates him in that protected status. City of Camden v. Civil Service Commission, supra.
We conclude that the dismissal of Brenner, possessing Civil Service protection, without furnishing him with a *567 written statement of the reasons for his discharge or any hearing thereon as required under R.S. 11:22-38 et seq., was improper.
The board, for the first time, asserts that Judge Smith was without jurisdiction to hear and determine the proceeding instituted by Brenner. While the question of jurisdiction may be considered for the first time on appeal (Roberts Elec., Inc., v. Foundations & Excavations, Inc., 5 N.J. 426, 430 (1950)), we are of the opinion that under the circumstances here, this ground of appeal should not be considered. Not only did the board submit to the jurisdiction of Judge Smith without questioning his authority, but it instituted the proceeding in lieu of prerogative writ before the Law Division to test the propriety of Judge Smith's determination, failing again, in the latter proceeding, to pose the question of Judge Smith's jurisdiction.
In view of our determination, we deem it unessential to discuss the question raised by Mr. Brenner in his cross-appeal.
Judgment affirmed.