74 N.J. Super. 128 (1962)
180 A.2d 705
ROCCO CALDARO AND NORA FAHEY, PLAINTIFFS-APPELLANTS,
v.
MARTIN J. FERBER, SHERIFF OF BERGEN COUNTY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1961.
Decided May 4, 1962.
*130 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. Roger H. McGlynn argued the cause for the appellants (Messrs. McGlynn, Stein & McGlynn, attorneys).
Mr. Abram A. Lebson argued the cause for the respondent.
The opinion of the court was delivered by LABRECQUE, J.S.C. (temporarily assigned).
This is an appeal from a summary judgment entered in the Superior Court, Law Division, dismissing the complaint and denying a cross-motion for summary judgment.
Plaintiffs, duly appointed and regularly employed court attendants in the County of Bergen, on behalf of themselves and all such court attendants similarly situated, instituted the present class action in lieu of prerogative writs to test the right of defendant sheriff to assign them and other court attendants, to duty as jail keepers in the Bergen County jail. Defendant asserts, in substance, that the positions of both court attendants and jail keepers are related and that he, as the appointing and supervising authority, has the right to transfer court attendants to the county jail to act as jail keepers when he determines such course necessary. It was conceded that he has at times, in what he deemed cases of emergency, assigned plaintiffs and other court attendants, when their services were not required in any of the courts, to perform duties in the *131 county jail for temporary periods of not more than ten days to two weeks when regularly employed personnel of the jail were not available for such duties. These assignments generally took place during vacation periods and this practice continued up to the time of the motion for summary judgment.
Plaintiffs moved for summary judgment on the ground that there was no material issue of fact which required determination. Defendant filed a countermotion for dismissal of the complaint on the ground of lack of jurisdiction by reason of the failure of plaintiffs to exhaust their administrative remedies. R.R. 4:88-14. The Law Division denied plaintiffs' motion for summary judgment but granted that of defendant for dismissal. In so doing it held, in substance, that plaintiffs' grievance was the fact that they were being assigned to perform duties other than those properly pertaining to the position which they legally held, in violation of R.S. 11:22-12; that for such violation of the statute a right of appeal to the Civil Service Commission existed, and that, in the absence of an appeal to that tribunal, plaintiffs had no standing to maintain their present action, citing Adams v. Atlantic City, 26 N.J. Misc. 259, 59 A.2d 825 (Sup. Ct. 1948); Carls v. Civil Service Commission of N.J., 17 N.J. 215 (1955), and Ward v. Keenan, 3 N.J. 298 (1949).
The questions presented, therefore, are:
(1) Were plaintiffs required to exhaust their administrative remedies under the Civil Service Act before resorting to the courts?
(2) May a county sheriff assign court attendants appointed pursuant to N.J.S. 2A:11-32 and under Civil Service to perform jail-keeping duties in the county jail?
Both court attendants and jail keepers (since designated as county correction officers) in the County of Bergen are classified civil service employees. The Department of Civil Service has approved separate specifications for each position.
Defendant's claimed right to transfer court attendants *132 to duty in the county jail is buttressed upon Civil Service Rule 53 which provides for interdepartmental transfers of state and local government employees. The rule further provides that "Any employee who is unwilling to accept a transfer * * * shall have reasonable opportunity to be heard in his own behalf." He contends that an appeal from his action in making the assignments is controlled by R.S. 11:25-1 and must be made to the Civil Service Commission. He urges that plaintiffs are precluded from maintaining their present action until the proceedings for administrative review have been exhausted.
In the circumstances here present we conclude that plaintiffs were not required to appeal to the Commission. Where the disposition of a matter depends solely upon the decision of a question of law, the interests of justice do not require the exhaustion of administrative remedies before resort may be had to the courts. Nolan v. Fitzpatrick, 9 N.J. 477, 486-7 (1952); Deaney v. Linen Thread Co., 19 N.J. 578, 581 (1955); Wilbert v. DeCamp, 72 N.J. Super. 60, 68 (App. Div. 1962). This is especially so where the legal question is one of statutory construction, Deaney v. Linen Thread Co., supra, or one the resolution of which does not involve the special discretion or expertise of the agency. Swede v. City of Clifton, 22 N.J. 303, 315 (1956); Levitt & Sons, Inc. v. Div. Against Discrimination, etc., 31 N.J. 514, 523 (1960).
The trial court properly determined that the action was one seeking construction of N.J.S. 2A:11-32 and a determination of the right of the sheriff to assign court attendants to perform the duties of jail keepers. N.J.S. 2A:11-32 provides as follows:
"The sheriff of each county of this state shall appoint, from the electors of his county, such persons, and as many thereof, as may be necessary to attend upon the law division of the superior court and the county court in his county and to perform the duties required to be performed by constables of the respective counties summoned to attend such courts." (Emphasis added) *133 The sheriff is a constitutional officer. N.J. Const. 1947, Art. VII, § 2, par. 2. In counties operating under Civil Service, he is authorized to appoint court attendants when such appointment becomes necessary, as in the case of a vacancy or other contingency. Board of Chosen Freeholders v. Edell, 2 N.J. Super. 602 (Law Div. 1949). He may not remove attendants except in the manner provided in the act. Courter v. Butler, 91 N.J.L. 683 (E. & A. 1918).
The title "constable," referred to in the statute, goes back to colonial days. One of the early reported references to attendance at court by constables is contained in Cox v. Passaic Common Pleas, 45 N.J.L. 328 (Sup. Ct. 1883), where the court noted, at page 329:
"When and in what manner the practice that all the constables of the county should attend the sessions of the courts held therein originated I have been unable to discover. That it was a very ancient practice, and probably coeval with the establishment of courts in the colony, would seem to appear from the fact that, as early as 1678, the assembly of East Jersey, after reciting that it was unnecessary that all the constables should attend the Assizes, enacted that only those of the town in which the Assizes were held, and the next adjoining towns, should attend. Leam & Spicer 129. I cannot find that this act was adopted over the united colonies. The fee bills, from the earliest time, have provided fees from constables' attendance at courts, without restriction as to their numbers. This practice in the ancient courts of the colony and state seems further recognized by the fact that when new courts have been created to sit in counties, constables are, in terms, made ministerial officers of such courts, a requirement which would necessitate their presence at the sessions. Act of 1784, (establishing Orphan's Courts,) § 21, Pat. 59; Act of 1838 (establishing Circuit Courts,) Laws 1838, p. 61.
This well-known practice, under which all the constables of the county were required to attend the courts, and to be subject to the directions of the courts in preserving order and performing such duties as are necessary in the transaction of the business of the courts, remained unbroken, so far as I can discover, down to the passage of the act of April 21st, 1876. Rev., p. 1292. That act provides that the sheriff of each county shall, at a certain time before each term, select a designated number of constables, and notify them to attend thereat. The constables so selected, if they attend, are alone to receive compensation for attendance. But if some fail to attend, or if the attendance of an additional number is required, *134 provision is made for filling vacancies or calling in such additional number."
It is to be noted that the provision authorizing the appointment of court attendants, cited above, is contained in chapter 11 of Title 2A, which is entitled "Provisions Common to More than One Court." The various articles thereunder deal with judges' secretaries, stenographic reporters, sergeants-at-arms, interpreters, etc., all of whom are normal and accepted employees of the courts. Article 6, after providing for the appointment of such subordinate officers and employees for the Supreme and Superior Courts as may be necessary (N.J.S. 2A:11-31), provides for the appointment of court attendants on a county-wide basis. As to the number of the latter, each sheriff is restricted to the appointment of as many "as may be necessary to attend upon the law division of the superior court and the county court in his county" The persons so appointed are to "perform the duties required to be performed by constables of the respective counties summoned to attend such courts." N.J.S. 2A:11-32.
The statute thus does not call for performance by court attendants of all of the duties required to be performed by constables, but only such duties as were required to be performed by "constables summoned to attend the courts." It would appear that the Legislature, in so specifying, recognized the well-known fact that constables served and functioned as an arm of the judiciary when summoned to attend court. The Civil Service specification of their duties substantially recognizes the uniqueness of their position. Thus, a court attendant is there defined as one who: "Under direction, maintains order in a court room; does related work as required."
That the duties of court attendants differ substantially from those of jail keepers, appears clear. Generally, court attendants are present for the purpose of preserving order in the court, taking charge of the jury, and other *135 work incidental to the trial of cases. By usage, their duties are said to be well defined and generally known and understood. Sawyer v. Camden County, 122 N.J.L. 119, 122 (E. & A. 1939). Their hours of work are fixed by the sheriff, they being akin to a normal working day when courts are in session. In the case sub judice the manual promulgated by defendant, which sets forth the rules and regulations governing court attendants, provides that the regular hours of service shall be from 9 A.M. to 4 P.M. from Monday to Friday, inclusive, and from 9 A.M. to 12 noon on Saturday. It also provides that no court attendant shall leave the court house without securing permission from his superior officer. The latter regulation is in recognition of the ministerial function performed by constables attending upon the courts. Cox v. Passaic Common Pleas, supra, at p. 329.
By contrast, a jail keeper has been defined in the Civil Service specifications as one who: "Under direction, during an assigned tour of duty, guards inmates and assists them toward rehabilitation; does related work as required." According to a manual prepared for the use of jail keepers by defendant, they are required to work in three shifts, which encompass a period of 24 hours a day.
While historically constables were the local police officers of the vicinage, their power has gradually waned to the extent that of late years their basic function has been to attend and serve the courts. And in this respect their appointment is not always subject to the exclusive control of the sheriff. Thus N.J.S. 2A:11-46 provides that when, in any county, court attendants have not been appointed pursuant to N.J.S. 2A:11-32, the sheriff shall select and make a list of constables who shall attend as constables at the regular session of the Law Division of the Superior Court. In the event of the failure of any of those selected to attend, the judge of the County Court is authorized to designate that other constables serve at the session. If at any time he deems the attendance of additional constables *136 necessary or desirable for the proper transaction of business, the judge may authorize the sheriff to summon such number of additional constables as he shall designate, and no constable may receive compensation for his attendance unless he has been so designated. In the event that it shall appear to the judge that the attendance of any of the constables may be dispensed with without detriment to the business of the session, he is authorized to forthwith discharge them from further attendance.
In the County of Bergen the sheriff has the custody and charge of the county jail and of all prisoners therein. N.J.S.A. 30:8-18. Authority is given him to appoint and employ necessary personnel, including jail keepers, for the maintenance and protection of the jail and the custody and keeping of the prisoners therein. Id. In certain instances, however, the county board of freeholders is authorized to take over control and custody of the county jail. R.S. 30:8-19. In such case the board of freeholders is directed to appoint a warden and such keepers as may be necessary. Id.
The office of jail keeper was one well-known to the common law. Bownes v. Meehan, 45 N.J.L. 189, 193 (Sup. Ct. 1883). No case has been called to our attention in which the duties of court attendant and jail keeper were regarded as equivalent. On the contrary, the positions have been separately referred to in a number of legislative enactments. Cf. N.J.S.A. 10:3-1, N.J.S.A. 43:10-18.26 and N.J.S. 2A:151-43.
We conclude that the duties of the position of court attendant do not encompass service in the county jails as keepers thereof, or as now more euphemistically denominated, correction officers.
Civil Service Rule 53, § 1(e), relied upon by defendant as authorizing the transfers of plaintiffs and other court attendants, must be interpreted consistently with and subordinate to the express statutory provisions on the subject. Abelson's Inc. v. N.J. State Board of Optometrists, *137 5 N.J. 412 (1950); 42 Am. Jur., Public Administrative Law, § 99, pp. 428-429; 73 C.J.S., Public Administrative Bodies and Procedure, § 94, pp. 413-415. In the statute the duties of court attendants are clearly restricted. Confirmation of this is found in the definition of the position which was adopted by the Civil Service Commission. Rule 53 in no wise contemplated a situation such as is here presented. The rule itself clearly sets forth its purpose as "to bring about a better distribution of persons in the service or to effect economies or to make available from one or more central supply pools extra stenographic, clerical, messenger or other service needed for limited periods or to provide training sought by employees or required by appointing authorities." (Emphasis added)
We find no merit to the argument that plaintiffs' transfers were authorized by R.S. 11:22-14. It provides for temporary emergency employment subject to subsequent approval of the Civil Service Commission, and limits such appointments to a two months' term. R.S. 11:22-15.
For the reasons stated, we find that the duties of the position of court attendant do not encompass service, whether temporary or otherwise, as jail keeper or correction officer, and that such persons may not be assigned to the duties of the latter position. Since the issue here was solely one of law and clearly resolvable without resort to the special knowledge or expertise of the Civil Service Commission, plaintiffs were not required to exhaust their remedies before it, and the trial court should have denied defendant's motion to dismiss and granted plaintiffs' motion for judgment.
Reversed and remanded for further proceedings in accordance with this opinion.