ANNA LEVY, PROSECUTRIX, v. TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF HUDSON; ALLADAR MAKRAY, JOSEPH McLEAN AND HARRY W. RENNER, RESPONDENTS.

Submitted February 1, 1932—Decided June 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Mervin Herzfeld.*

For the respondents, *William E. Sewell* and *John Milton.*

PER CURIAM.

This writ of *certiorari* brings up three resolutions adopted by the board of commissioners of the township of North Bergen, which were designed to effect a complete evaluation and appraisal of all property in the township to enable the local board of assessors to make the assessment of the taxable ratables required by the municipal finance commission, pursuant to *Pamph. L.* 1931, *ch.* 340, *p.* 830, the municipal finance commission, consisting of the attorney-general, state tax commissioner and commissioner of municipal accounts, having been called into being in the manner provided for in that statute.

Section 306 of that statute (*Pamph. L.* 1931, *ch.* 340), approved April 28th, 1931, provides:

"The commission shall have power to require a reassessment of the taxable ratables of the municipality to be made by the proper municipal authorities as the basis for any sub-

sequent tax levy; and any tax duplicate based on such re-assessment shall be used for all purposes in connection with the levy, apportionment and collection of taxes."

Section 307, p. 834, provides:

"The cost of such reassessment shall at the request of the governing body, be included in the amount of indebtedness to be refunded under this act."

Section 406, p. 835, provides:

"This act shall take effect immediately, and, as to the subject-matters hereof, shall supersede the provisions of all other laws; provided, however, that nothing contained in this act shall be construed to impair in any way the obligations of any contract, or the existing remedies of any creditor of any municipality."

Sections 306 and 307 of the statute were amended by *Pamph. L.* 1931, *ch.* 384, *p.* 1212, changing the word "re-assessment" to "assessment."

The township of North Bergen has accepted the provisions of the act and the municipal finance commission is function-ing in the municipality. Since June, 1931, the board of commissioners of the township of North Bergen and the municipal finance commission have been engaged in the fund-ing and refunding of notes, bonds, and other indebtedness of the township of North Bergen in the sum of approximately $9,000,000, which notes, bonds and other indebtedness were in default or about to become in default when the munici-pality adopted the resolution creating an assessment commis-sion, and the resolution appointing Alladar Makray, Joseph McLean and Harry W. Renner as assessment commissioners, both dated June 3d, 1931.

The municipal finance commission required of the town-ship an assessment of the taxable ratables of the municipality, and on August 19th, 1931, a resolution was adopted by the board of commissioners authorizing and directing the director of revenue and finance to enter into a contract with the re-spondents, Makray, McLean and Renner for a complete eval-uation of all property located in the township for the purpose of basing future assessments of taxable property of the town-

ship on a basis of equality for all taxpayers, for a sum not to exceed $30,000. In accordance with that resolution a contract was entered into on August 19th, 1931, by the township with the individual respondents, which contract was duly approved by the municipal finance commission.

It is stipulated that "upon the completion of the work set forth in the said contract, the same is to be submitted to the board of assessors of the township of North Bergen to enable them to make an assessment of the taxable ratables of said municipality."

It is also stipulated that "the cost involved in the said contract is to be included in the amount of indebtedness to be refunded under the act entitled 'An act concerning municipal finances,' being chapter 340 of *Pamph. L.* 1931, *p.* 830, as amended by chapter 384, *Pamph. L.* 1931, *p.* 1212."

It is also stipulated that "one of the reasons which prompted the making of the said contract was the importance of submitting to prospective purchasers of North Bergen obligations, information as to the true valuations of said township, in order that they may have knowledge of the assets back of any obligations which the township may seek to issue."

Of the sixteen reasons assigned for the setting aside of the resolutions, some attack the resolution creating the assessment commission, dated June 3d, 1931; others the resolution dated June 3d, 1931, appointing the respondents, Makray, McLean and Renner, as assessment commissioners; others attack the action of the board of commissioners in authorizing the director of revenue and finance, by resolution dated August 19th, 1931, to enter into a contract with the respondents Makray, McLean and Renner for the evaluation of the taxable property of the municipality.

We are not satisfied that any of the reasons assigned are meritorious.

As to reason 1: Prosecutrix apparently overlooks the fact that the resolutions attacked were adopted June 3d, 1931, whereas the amendment to the statute (*Pamph. L.* 1931, *ch.* 384, *p.* 1212), which changed the word "reassessment" to "assessment" was not adopted until June 30th, 1931.

Under reasons 2 to 4, inclusive, the contention is that since the statute requires the assessment to be made by the proper municipal authorities that this means the assessment must be made by the local board of assessors and that the board of commissioners are without power or authority to create an assessment commission. We think this is not decisive, if, as we think, the governing body had authority to adopt the resolution of August 19th, 1931, authorizing the making of the contract with the individual respondents. The validity of the resolution of August 19th is dealt with below.

Under reason 5 the contention is that the assessment commission should have been created by ordinance and not by resolution. It is the settled law of this state that unless an act is required to be done by ordinance it may be done by resolution or ordinance. *Burlington* v. *Dennison,* 42 *N. J. L.* 165. In this case the act is not required to be by ordinance. Article XIV, paragraph 1, subdivision c, of the Home Rule act, chapter 152 of the laws of 1917, obviously has no application. The individual respondents are not employes within the meaning of that section.

Reasons 6 to 11 inclusive, are repetition.

As to reasons 12 to 15 inclusive, the attack is against the resolution of August 19th, 1931, authorizing the making of the contract with the individual respondents for a complete evaluation of the taxable property of the municipality. We are not persuaded that it is invalid. To say that the assessments must be made by the local board of assessors does not touch the question as we see it. The contract is not to make assessments; it is to make a complete evaluation of all property located in the township, to properly tabulate the same, including full supporting data, and to submit the same to the board of assessors of the township, with a copy thereof to the municipal finance commission. Under the statute "An act for the assessment and collection of taxes (Revision of 1918)," *Pamph. L.* 1918, *ch.* 236, *p.* 847, the assessor is to ascertain the names of persons taxable and the true value of all taxable property. With respect to the means or sources of information, by or from which the value of property is to

be ascertained by the assessor, the act is not mandatory, but merely directory. *State, Keeler* v. *Tindall,* 36 *N. J. L.* 97. *It is stipulated that upon the completion of the work set forth in the contract dated August 19th, 1931, the same is to be submitted to the board of assessors of the township of North Bergen to enable them to make an assessment of the taxable ratables of the township.* The township and the municipal finance commission have been engaged since June last in an effort to fund or refund $9,000,000 in notes, bonds or other indebtedness. A public emergency exists. The reason for the making of the contract is evident. It may well be essential to the success of the undertaking to regain the confidence of prospective purchasers of the obligations of the township; and it is stipulated that one reason for the contract in question was to be in a position to *furnish prospective purchasers of the township obligations with information from sources satisfactory to them as to the true valuations of the taxable property of the township.*

As to reason 16, complaint is made that the contract contemplates that the cost shall be included in the amount to be refunded under the statute. There seems to be no substance in this point, since section 307, chapter 340 of the laws of 1931, expressly provides that the cost of making the assessment shall, at the request of the governing body, be included in the amount of indebtedness to be refunded under the act. The contract has been expressly approved by the municipal finance commission.

The writ will be dismissed, with costs.