VIRGINIUS D. MATTIA, PROSECUTOR, v. CITY OF NEW-ARK, A MUNICIPAL CORPORATION, AND MEYER C. ELLENSTEIN, VINCENT J. MURPHY, JOSEPH M. BYRNE, PEARCE R. FRANKLIN AND MICHAEL P. DUFFY, BOARD OF COMMISSIONERS OF SAID CITY OF NEWARK, DEFENDANTS.

Submitted January 17, 1939—Decided June 12, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the prosecutor, *Ferdinand D. Masucci.*

For the defendants, *James F. X. O'Brien* (*Thomas M. Kane,* on the brief).

The opinion of the court was delivered by

HEHER, J. On April 3d, 1903, pursuant to the authority conferred by chapter 106 of the laws of 1902 (*Pamph. L., p.* 283; *Comp. Stat.* 1910, *p.* 5184; *R. S.* 1937, 40:171-103), the governing body of the city of Newark adopted an ordinance fixing at three years the term of office of the receiver of taxes of the municipality; and on October 16th, 1936, while the ordinance was still in effect, prosecutor was appointed to that office for the term thus prescribed.

On May 18th, 1937, the governing body adopted a resolution appointing one Byrne as "Acting Receiver of Taxes" of the municipality. On August 18th,. 1937, following the decision of this court in *Pellecchia* v. *Mattia,* 118 *N. J. L.* 512, this resolution was rescinded; and it is stipulated that "immediately thereafter," the director of revenue and finance of the municipality appointed Byrne "Receiver of Taxes and Acting Receiver of Taxes at a salary of $5,000 per year," and that the said appointee, as such, exercised and performed "the same duties and functions and" occupied "the same offices as" theretofore "occupied by prosecutor in his capacity and office of Receiver of Taxes." On December 8th, 1937, Byrne was, also by resolution of the governing body, "appointed Acting Treasurer at the salary of $5,000 per year."

On *certiorari,* this court ruled that, by force of the ordinance adopted on April 3d, 1903, the office of receiver of taxes continued in existence, and that the proceedings adverted to constituted an unlawful removal of prosecutor therefrom before the expiration of his term. *Mattia* v. *Newark,* 119 *N. J. L.* 268.

Thereafter, on February 23d, 1938, the municipal governing body adopted an ordinance abolishing "the offices of Receiver of Taxes, Comptroller, Auditor of Accounts and Treasurer," and providing that "all power, authority and duties" theretofore "pertaining to" said offices "shall be exercised and performed by the Director of the Department of Revenue and Finance with such assistance as may be necessary to carry on the duties of said offices;" that the director shall have and possess "all the power, authority and rights now or" theretofore "vested in the said Receiver of Taxes, Comptroller, Auditor of Accounts and Treasurer;" and that "the positions of Acting Receiver of Taxes, Acting Comptroller, Acting Auditor of Accounts and Acting Treasurer be and they are hereby created in the Department of Revenue and Finance to assist the Director of the said Department in the carrying out of the duties of said offices." This ordinance is now brought up for review on *certiorari*.

Conceding that power to abolish the particular office resided in the governing body, the insistence is that the ordinance "was not passed in good faith, for economic reasons or for promotion of greater efficiency in public service." The point is well made.

We are of the view that, as regards prosecutor, the action thus taken was *ultra vires* the municipality, in that its obvious design was to deprive him of his office in contravention of the provision of the act of 1902, *supra,* that the incumbent of such office, when the term shall have been fixed in the exercise of the authority therein granted, "shall hold office until the expiration of the term so fixed, unless sooner removed for cause, after a hearing given, upon charges preferred." It is stipulated that, at the time of the adoption of the challenged ordinance, prosecutor's term had not expired, and that he had not "been removed from office for cause," in the manner laid down in the statute.

There was a mere colorable abolition of the office. The ordinance provides that the duties of the office shall be performed by an "Acting Receiver of Taxes;" and it is stipulated that "the duties, salary and departments under the supervision of the acting receiver of taxes and even the office space

assigned for the use of said acting receiver of taxes are identical to those of the receiver of taxes, which office the prosecutor was appointed to and held, as aforesaid, and that said duties, salary, departments and offices will continue to be the same." Thus it is that the office continues in existence with a minor variation of title that denotes mere impermanency of tenure without change in the nature or *quantum* of the duties to be performed by the incumbent. The formal assignment of the duties of the office to the departmental head is of no significance. This function was designed to be supervisory, and plainly existed before under the law. The office has not in fact been abolished; and there is therefore no room for the application of the principle that, regardless of motive, the actual abolition of a wholly useless office will be sustained as in the public interest. *Camden* v. *Civil Service Commission,* 118 *N. J. L.* 501; *Santucci* v. *Paterson,* 113 *Id.* 192; *Hunziker* v. *Kent,* 111 *Id.* 565; *Womsley* v. *Jersey City,* 61 *Id.* 499; *Jacoby* v. *Carteret,* 12 *N. J. Mis. R.* 199.

It suffices to add that judicial sanction of the course taken in the instant case would emasculate all such statutory tenure-of-office provisions. And it will not be amiss to add that there is a distinction of substance between abolition of an office and the reduction of salary in a *bona fide* effort to practice economy.

In so far as it purports to abolish the office held by prosecutor, the ordinance is invalid, and judgment is directed accordingly.