HENRY YOUNG, Jr., PROSECUTOR, v. CIVIL SERVICE COM-
MISSION AND JOSEPH KATOWITZ, DEFENDANTS.

Submitted October 1st, 1940—Decided November 10, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Arthur T. Vanderbilt* and *G. Dixon Speakman*.

For the defendants, *Charles E. McCraith, Jr.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up for review a determination of the Civil Service Commission setting aside the dismissal by the prosecutor, sheriff of Essex County, of the defendant Joseph Katowitz from the position of secretary to the sheriff, and ordering his reinstatement.

Katowitz was appointed by the sheriff who immediately preceded prosecutor in office. The practice had been for an incoming sheriff to appoint a new secretary and for the secretary of an outgoing sheriff to relinquish his position at the end of the sheriff's term. When Sheriff Young took office he designated Katowitz as acting executive clerk and appointed one Edith Nieburg as his secretary. Katowitz took leave of absence from his position as secretary. Upon the making of a

permanent appointment to the position of executive clerk, following an examination, Katowitz was required to relinquish this position and thereupon demanded to be reinstated as secretary, claiming the protection of the Civil Service Law.

The Civil Service Commission determined that the position of secretary to the sheriff was in the exempt class of the civil service, that Katowitz could not be dismissed from his position except for just cause, that his dismissal was improper and that he should be reinstated.

The position of secretary to the sheriff was classified by the board of freeholders of Essex County in 1920 and the classification was approved by the Civil Service Commission. The duties were defined, qualifications set out and the salary fixed.

The first point argued is that the position in controversy is that of confidential secretary to a state officer and the holder thereof is in the unclassified service. The argument is that the sheriff is a constitutional officer of the state at large and not of the county, and therefore he may appoint a confidential secretary under the Civil Service Act dealing with the state service. But it has been held by the Court of Errors and Appeals in *Sullivan* v. *McOsker,* 84 *N. J. L.* 380, that an appointee of the sheriff (in that case a jail warden) is an employee in the service of the county coming within the purview of the Civil Service Law as it pertains to counties. By no method of reasoning, as we view it, can the present case be distinguished in that regard. There is no merit in this point.

The next point is that in providing for the position of private secretary the legislature intended that the tenure was subject to the will of the appointing authority and coterminus with his incumbency. It is argued that the only provision for this position, if it is not one in the state service, is *R. S.* 11:22-26 which provides:

"The exempt class of the classified service shall include:
* * *

"d. One private secretary or clerk or stenographer of each judge or principal executive officer; * * *."

We agree that this is the statutory authority for the existence of the position in question, but by this provision the

position is placed in the exempt class of the classified service. By another section, *R. S.* 11:22-2, certain positions in the county and municipal civil service were placed in the unclassified service. Prosecutor's contention, in effect, would make this position one in the unclassified service, but the action of the legislature in placing the position in the exempt class is a direction that the position be within the classified service.

The third and fourth points may be considered together. The third is that, assuming defendant is in the exempt class, the commission had no jurisdiction because there is no provision for appeals by persons in the exempt class from dismissal. The fourth is that, assuming defendant is in the exempt class and had a right to appeal, the commission may take jurisdiction only when the ground for dismissal is the religious or political opinions or affiliations of the person dismissed. The burden of the argument is that persons in the exempt class are not given by the letter and intent of the statute the same protection from dismissal without cause as those in the other classifications. It seems obvious to us that the purpose of the Civil Service Act was to give protection against dismissal and other types of discrimination to those holding positions which the legislature placed in the classified service. Because of differences in the positions and surrounding circumstances, three general classes were created into one of which every position of a clerical character must fall. These were the exempt, the competitive and the non-competitive. The distinguishing feature, and it seems to us the only distinction sought to be made, was in the requirements prior to appointment. The exempt class was not required to take any examination; the competitive class was required to take a competitive examination open to all persons possessing the preliminary qualifications deemed to be necessary; and the non-competitive class was required to take an examination sufficient to show that an appointee possessed the ability to occupy the position, but not in competition with other candidates. We see no intention to make or reason for making any other distinction between the classes. If the legislature wished to create a position and not give the incumbent the protection and tenure of the Civil Service Act, the position could be

placed in the unclassified service, as many were, some by the Civil Service Act and others perhaps by the language of the statutes creating the positions.

It is true that section C of the statute, *R. S.* 11:22-29, *et seq.*, concerning the competitive class, and section D, *R. S.* 11:22-45, *et seq.*, concerning the non-competitive class, both contain specific provisions concerning the right of appeal and the time within which appeal must be taken, and that section B, *R. S.* 11:22-25, *et seq.*, dealing with the exempt class, has no such provisions. In this situation, prosecutor claims the only protection given to holders of exempt positions is the general provision applying to all classes contained in *R. S.* 11:22-11: "No officer, clerk or employee in the classified service shall be removed, discharged, reduced in pay or position, or otherwise discriminated against because of his religious or political opinions or affiliations." However, the protection of the act has been extended to persons in the exempt class. In *City of Newark* v. *Civil Service Commission,* 112 *N. J. L.* 571; *affirmed,* 114 *Id.* 185, the dismissal of a member of a city legal staff, a position in the exempt class, was set aside as contrary to the statute, although the point now urged does not seem to have been raised in that case.

The general provision above quoted from *R. S.* 11:22-11 was, in the amendment of 1917, *Pamph. L., p.* 796, contained in the same section, namely section 24, as the provisions for appeal by members of the competitive and non-competitive classes. The language of this court in *County of Essex* v. *Civil Service Commission,* 98 *N. J. L.* 671, is indicative of the view that the provisions for appeal are available to all holders of positions in the classified service. The Attorney-General so ruled as long ago as 1922 and the commission has been guided by that ruling since. It has not before been challenged. This interpretation of the law has been accepted and followed for a long period of time by the body charged with the duty of its administration. The matter was one within the control of the legislature and we deem it significant that, with knowledge of this construction of the statute, the legislature did nothing to indicate disapproval of this con-

struction. We conclude that the protection of the Civil Service Law against dismissal or demotion except for cause and the right to have such action reviewed by the commission extends to the holders of positions in the exempt class in the employ of municipalities and counties.

The fifth point is that good cause was shown for the dismissal. This is based upon the contention of the sheriff that the incumbent of the position should be qualified to take shorthand dictation and transcribe it in typewriting. No such requirement was specified in the qualifications for the position when originally classified in August, 1920, and the qualifications have not been changed. None of the incumbents have been stenographers, so far as appears. There are several stenographers employed as such in the office and there is evidence from previous sheriffs and employees of the office to the effect that the stenographic services available were ample for the proper operation of the office. We are not inclined to disturb the finding of fact on this subject by the commission.

The writ is dismissed.