BOARD OF COMMISSIONERS AND THE MAYOR AND COUN-
CIL OF THE CITY OF HOBOKEN, PROSECUTOR, v. THE
CIVIL SERVICE COMMISSION OF NEW JERSEY AND
OTMAR J. PELLET, RESPONDENTS.

Argued January 20, 1948—Decided March 29, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Dominick R. Rinaldi (Anthony J. Armore,* of counsel).

For the commission, *Walter D. Van Riper,* Attorney-General (*John W. Griggs,* Deputy Attorney-General, of counsel).

For Otmar J. Pellet, *Edward A. Markley.*

The opinion of the court was delivered by

COLIE, J.   The writ of *certiorari* now returned to the court brings up for review an order of the Civil Service Commission whereby it "ordered that the action of the Board of Commissioners, the Director of the Department of Revenue and Finance, or the City Attorney of the City of Hoboken, or of any of them, in removing or dismissing from or discontinuing the services of Otmar J. Pellet as Assistant Corporation Attorney or Assistant City Attorney, effective on or about May 23d, 1947, be and the same is hereby set aside and the said Board of Commissioners, the Director of the Department of Revenue and Finance and the City Attorney or any or all of them be and they are hereby directed to restore the said Otmar J. Pellet to the pay and title given or undertaken to

be given to Charles J. DeFazio, Jr., effective as of the date of his removal or discontinuance from such service, * * *."

The prosecutor urges this court to reverse the above order on the ground, among others, that the ordinance of the municipality adopted in 1943 creating a law department and providing for the position of assistant corporation attorney, which position respondent Pellet held until his dismissal in June, 1947, is *"ultra vires,* illegal, invalid and defective *in toto* and the attempted creation of the position of Assistant Corporation Attorney was also illegal and invalid."

It has long since been decided that a municipal ordinance enacted pursuant to legislative authority is presumed to be valid until held to the contrary by a judicial determination and that such determination must be in a direct proceeding against the municipality and not in a collateral attack as attempted in the instant case. *Bors* v. *Davis,* 6 *N. J. Mis. R.* 793; *Saddle River* v. *Public Service, &c., Co.,* 110 *N. J. L.* 433.

The writt is dismissed, with costs.