BOARD OF COMMISSIONERS OF THE MAYOR AND COUN-
CIL OF THE CITY OF HOBOKEN, APPELLANT, v. THE
CIVIL SERVICE COMMISSION OF NEW JERSEY AND
OTMAR J. PELLET, RESPONDENTS.

Submitted May 28, 1948—Decided September 3, 1948.

For the appellant, *Dominick R. Rinaldi, Anthony J. Armore* and *Thomas J. Brogan.*

For the Civil Service Commission, *Walter D. Van Riper* and *John W. Griggs.*

For Otmar J. Pellet, *Edward A. Markley.*

The opinion of the court was delivered by

BODINE, J.  The appeal is from a judgment of the Supreme Court which dismissed a writ of *certiorari* obtained by the appellant.  The opinion of the Supreme Court is reported in 137 *N. J. L.* 72.

The writ of *certiorari* in that case brought up for review an order of the Civil Service Commission of New Jersey rendered September 9th, 1947, which provides: "IT IS HEREBY ORDERED. that the action of the Board of Commissioners, the Director of the Department of Revenue and Finance, or the City Attorney of the City of Hoboken, or of any of them in removing or dismissing from or discontinuing the services of Otmar J. Pellet as Assistant Corporation Attorney or Assistant City Attorney, effective on or about May 23d, 1947, be and the same is hereby set aside and the said

Board of Commissioners, the Director of the Department of Revenue and Finance and the City Attorney or any or all of them be and they are hereby directed to restore the said Otmar J. Pellet to the pay and title given or undertaken to be given to Charles J. DeFazio, Jr., effective as of the date of his removal or discontinuance from such service."

The position of assistant corporation attorney was first established by an ordinance passed by the City of Hoboken on April 10th, 1907. This ordinance sets forth the duties of the assistant corporation attorney. At an election held in that city on February 9th, 1915, the voters adopted the Commission Form of Government Act, which became effective February 16th, 1915.

At the organization meeting, by resolution it established a law department to consist of a corporation attorney, an assistant corporation attorney, and such other assistants as might thereafter be named. This resolution was adopted prior to the enactment of the Home Rule Act of 1917, which requires municipal offices and positions to be created by ordinance. Prior to the enactment of this legislation such positions could be created by either ordinance or resolution. *Burlington* v. *Dennison*, 42 *N. J. L.* 165; *Levy* v. *North Bergen Township*, 10 *N. J. Mis. R.* 850; 161 *Atl. Rep.* 45.

On May 21st, 1935, following a municipal election, the Board by resolution appointed Otmar J. Pellet, assistant corporation attorney, at the annual salary of $3,000, which was later increased.

By an ordinance of June 1st, 1943, a law department was established under the jurisdiction of the Director of Revenue and Finance to consist of a corporation attorney, an assistant corporation attorney, a clerk and such assistants and other employees as the director might deem necessary. The ordinance repealed only such prior ordinances as were inconsistent therewith. It did not repeal the provisions of the ordinance of April 10th, 1907.

Under the last mentioned ordinance, the director reappointed Mr. Pellet, and all of the personnel of the law department then serving therein under prior appointments and employments, and all of them were employed in their respec-

tive positions and employments on November 5th, 1946, when the voters of the City of Hoboken adopted the provisions of the Civil Service Act.

On March 13th, 1946, the Board of Commissioners of the City of Hoboken passed a general salary ordinance fixing the salaries of the corporation attorney, the assistant corporation attorney, the legal assistants and the other personnel in the law department. On December 31st, 1946, the Board of Commissioners passed a general salary ordinance.

On May 13th, 1947, a new Board of Commissioners was elected and at the organization meeting held May 20th, 1947, an ordinance was introduced repealing the ordinance relating to the law department adopted June 1st, 1943. This ordinance was finally passed on June 3d, 1947, and there was also finally passed an ordinance creating the position of assistant city attorney of the City of Hoboken at an annual salary of $6,250, and appointing Charles J. DeFazio, Jr., to this position.

On June 4th, 1947, the Director of Revenue and Finance by letter notified the Civil Service Commission that he had appointed Charles J. DeFazio, Jr., assistant city attorney at an annual salary of $6,250 payable semi monthly and that Mr. Pellet, and the legal assistants in the law department were no longer employees thereof.

On May 26th, 1947, Mr. Pellet appealed to the Civil Service Commission from this action. The appeal was heard by it on July 17th, 1947. By decision of September 9th, 1947, the Civil Service Commission made the order, above quoted, brought here for review.

The question here presented is whether the Supreme Court erred in affirming the order and judgment of the Civil Service Commission. We think not.

It was contended in the court below that Mr. Pellet did not acquire Civil Service tenure because the 1943 ordinance creating a law department, which provided for the position of assistant corporation attorney, was *ultra vires,* and that the repeal of the ordinance creating the law department was made in good faith and for reasons of economy and efficiency. Further, that the position of assistant city attorney and as-

sistant corporation attorney were different and not similar and the duties of the said positions were not comparable. This is obviously not so.

In this court the appellant for the first time seeks to attack the validity of the ordinance of 1907. This of course it may not do. The attack on the ordinance is based on the ground that "this ordinance does not satisfy the requirement of the statute because neither the term nor the compensation is fixed." The ordinance was adopted prior to the Home Rule Act of 1917 and therefore that act is not applicable to an earlier ordinance. The same reasoning applies to the resolution of 1915.

The appellant in this court argues that the position of assistant corporation attorney is not protected by Civil Service. No such argument was advanced in the Supreme Court. As a matter of fact, this contention has no merit because the point was settled by the court in *Camden* v. *Civil Service Commission*, 129 *N. J. L.* 354, to the contrary.

Other points made have been examined but have no more merit than that Mr. Pellet did not evidence his desire to serve. We can only inquire what the purpose of the litigation is thought to be if he did not.

While the challenged ordinance does not prescribe the duties of the assistant corporation attorney, his duties are prescribed with great detail in the pre-existing ordinance of April 10th, 1907, and these provisions were not repealed.

The ordinance of April 10th, 1907, is not attacked and is unassailable. It is a subsisting ordinance and it is not inconsistent with the ordinance of June 1st, 1943, but on the contrary supplements that ordinance and fully covers the subject-matter as required by law.

As the duties of the assistant corporation attorney were already prescribed in a pre-existing ordinance, it was not necessary that they should be defined again.

The Home Rule Act indicates that such course is not necessary where the duties are already provided for by law. The language of the statute in so far as pertinent is: "Prescribe and define, except as otherwise provided by law, the duties * * *." (*R. S.* 40:48–1, ¶ 3.) If the duties are prescribed

by a pre-existing ordinance, as in this case, they are as much prescribed by law as if by a statute. *McGrath* v. *Bayonne,* 85 *N. J. L.* 188.

It is usual to incorporate existing law by reference and there is nothing cited to show repeal.

Other points have been considered but have not sufficient merit to deserve further discussion.

The respondent, as noted, was appointed assistant corporation attorney at the organization meeting of the Board of Commissioners on May 21st, 1935. As there was no vacancy at the time he was reappointed in 1943 by the director, his reappointment was a confirmation of his earlier appointment, as he has never resigned or otherwise vacated his position.

The challenged ordinance was adopted on June 1st, 1943. The Civil Service Commission found as a fact, and the fact was uncontradicted, that he was appointed without term in 1935 and has continued to serve in such capacity until the date of his purported removal or dismissal.

Nowhere in this case, nor in the proceedings before the Civil Service Commission, was there any proof submitted to show that the respondent's appointment made in 1935 was invalid or that at that time the City of Hoboken did not have the power to make such an appointment. The Civil Service Commission further found: "It is certain that the government did have authority to provide for such legal services and it did so. The appellant [Pellet] and other officers and employees handling the legal work of the city were appointed and served therein for a number of years."

This finding finds support in the record and we fail to see how there is any concern in this case with the 1943 ordinance.

We think the Civil Service Commission was bound by the case of *City of Camden* v. *The Civil Service Commission and William J. Shepp,* 129 *N. J. L.* 354; *affirmed,* 130 *Id.* 532. We can find no evidence to show the repeal of the ordinance of 1943 made in good faith. In fact, the purpose seems to have been solely to defeat the Civil Service Law and place in office a new incumbent.

The judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Bodine, Heher, Wachenfeld, Burling, Jacobs, Wells, Dill, Freund, McLean, Schettino, JJ. 12.

*For reversal*—None.