[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 261 
Defendants appeal from a summary judgment in favor of the plaintiff, entered in the Superior Court, Law Division, Hudson County, on January 10, 1949, in a proceeding in lieu ofmandamus. This judgment *Page 262 
requires the defendants (1) to "immediately restore plaintiff, Otmar J. Pellet, to the pay emoluments, title and position given or undertaken to be given to Charles J. DeFazio, Jr., on or about June 4, 1947, regardless of the name by which that position or title is now, or hereafter known," and (2) to immediately pay the plaintiff $10,275 salary from May 15, 1947, to January 1, 1949, and $252.61 costs taxed in the New Jersey Supreme Court and in the New Jersey Court of Errors and Appeals. The propriety of the order for payment of the $252.61 costs is not questioned.
On September 3, 1948, the Court of Errors and Appeals (Boardof Commissioners of Mayor and Council of City of Hoboken v. CivilService Commission, 137 N.J.L. 728 (1948)) affirmed a judgment of the Supreme Court (Board of Commissioners of Mayor andCouncil of City of Hoboken v. Civil Service Commission,137 N.J.L. 72 (1948)) which dismissed a writ of certiorari
obtained to review an order of the Civil Service Commission of New Jersey rendered September 9, 1947. The Civil Service Commission order provided that "the action of the Board of Commissioners, the Director of the Department of Revenue and Finance, or the City Attorney of the City of Hoboken, or of any of them, in removing or dismissing from or discontinuing the service of Otmar J. Pellet as Assistant Corporation Attorney or Assistant City Attorney, effective on or about May 23, 1947, be and the same is hereby set aside and the said Board of Commissioners, the Director of the Department of Revenue and Finance and the City Attorney or any or all of them be and they are hereby directed to restore the said Otmar J. Pellet to the pay and title given or undertaken to be given to Charles J. DeFazio, Jr., effective as of the date of his removal or discontinuance from such service." The remittitur on the judgment of the Court of Errors and Appeals is dated September 13, 1948.
On September 22, 1948, the plaintiff served on the defendant Board of Commissioners a demand, in writing, that he be restored to the pay and title of Assistant City Attorney and that he be paid the salary and bonus that he is and has *Page 263 
been entitled to as such Assistant City Attorney from May 15, 1947, to date, and that he be paid the taxed costs in the New Jersey Supreme Court and in the New Jersey Court of Errors and Appeals. Included in this demand was a statement of the amount of money demanded for back salary and taxed costs. Negotiations between the parties for the reinstatement of the plaintiff and the payment of back salary and taxed costs continued until November 16, 1948. On that day a resolution was presented to the Board of Commissioners by the defendant DeSapio, providing that the plaintiff be restored to the pay and position which was undertaken to be given to Charles J. DeFazio, Jr., and providing for the payment to plaintiff of back salary from May 15, 1947. This resolution failed of passage, three commissioners voting against and two in favor. On November 19th following, the complaint in lieu of mandamus was filed, in which the relief demanded was that the defendants be required to restore the plaintiff immediately to the pay and position of Assistant City Attorney of Hoboken and to pay the plaintiff immediately the sum of $10,118.58 in satisfaction of his claim for back pay, costs and interest. Thereafter, a notice of motion for summary judgment was filed by the plaintiff pursuant to Rule 3:81-4 and a notice of motion to strike the complaint was filed by defendants. On the pleadings and affidavits the summary judgment under review was entered.
Defendants contend that this proceeding in lieu of mandamus
is barred by P.L. 1948, c. 381, which provides: "No proceedings for review, hearing and relief in lieu of prerogative writs shall be commenced, unless it shall be commenced within thirty days of the accrual of the right to such review, hearing or relief, except as provided in any other law or by rules of the Supreme Court." They argue that the right to commence the proceedings accrued on September 3, 1948, the date of the affirmance by the Court of Errors and Appeals, and expired before this proceeding was commenced on November 19, 1948. There is no merit in this contention. Under our former practice, madamus
would not lie, as a general rule, without a demand for performance made and *Page 264 
performance refused. State (Gledhill, Prosecutor), v.Governor, 25 N.J.L. 331 (Sup. Ct. 1856). In this case demand for performance was made on September 22, 1948, negotiations ensued, and performance was refused on November 16, 1948. Under these circumstances, the right to commence the proceedings accrued on November 16, 1948, and this proceeding, which was commenced within three days of the date of refusal, was commenced within time.
The provision for the restoration of the plaintiff to his position is attacked as erroneous because the only position to which he could be restored was either Assistant Corporation Attorney or Assistant City Attorney, and both were abolished as of December 31, 1948. The municipality passed two ordinances, effective December 31, 1948, one of which repealed the ordinance of June 3, 1947, creating the position of Assistant City Attorney, and the other repealed the ordinance of April 10, 1907, as amended December 8, 1909, and December 27, 1911, creating the position of Assistant Corporation attorney. There can be no question of the right of a municipality to abolish an office or position created by it, if done in good faith. Hunziker v.Kent, 111 N.J.L. 565 (Sup. Ct. 1933). The plaintiff argues that these repealing ordinances were not passed in good faith, in the interest of economy, but rather for the purpose of defeating compliance with the reinstatement order.
Good faith in the passage of ordinances of a municipality is presumed, and the burden is on the plaintiff to show bad faith. Public policy requires the abolition of useless positions and the motive for their abolition is immaterial. Hunziker v. Kent,
above. However, a substantial issue is thus raised and a summary judgment on it could not be entered, even if the Law Division of the Superior Court were the proper forum in which to try this issue. See Rule 3:56-3. The effect of the Civil Service Commission order of September 9, 1947, was to put the plaintiff back in his position, with pay, until such time as change occurred which would excuse removal. In contemplation of law, the plaintiff held the position with the municipality until the ordinances abolishing *Page 265 
the positions became effective December 31, 1948. When these ordinances became effective, the plaintiff was, in effect, removed from his position, just as he had been removed from his position on June 4, 1947, when the two prior ordinances became effective. Now, as then, the proper forum to contest his removal is the Civil Service Commission. Rule 3:81-14.
It is argued that the provision for payment of back salary from May 15, 1947, to January 1, 1949, is erroneous, because (1) a creditor must establish his claim by judgment against a municipality before mandamus to pay will lie, and (2) it deprives defendants of their constitutional right to a trial by jury of the question as to whether the money is due. The claim for salary was established by the order of the Civil Service Commission for the period commencing May 15, 1947, to September 9, 1947, and thereafter until change occurred which would excuse a refusal to pay. No such change is alleged to have occurred before December 31, 1948, the effective date of the two ordinances mentioned above. As to the claim for back salary from May 15, 1947, to January 1, 1949, the pleadings and affidavits show, palpably, that there is no genuine issue as to any material fact challenged and that the plaintiff is entitled to judgment as a matter of law; therefore, this provision of the summary judgment is proper. Rules 3:81-4 and 3:56-3. The court below correctly ordered the payment of salary, not only from May 15, 1947, to September 9, 1947, the date of the Civil Service Commission order, but also from September 9, 1947, to January 1, 1949. Rule 3:54-5.
The provision of the judgment which requires the restoration of the plaintiff to his position is reversed and the provision for payment of back salary is affirmed. *Page 266