10 N.J. Super. 52 (1950)
76 A.2d 273
OTMAR J. PELLET, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE, STATE OF NEW JERSEY, BOARD OF COMMISSIONERS OF THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN AND STEPHEN E. MONGIELLO, DIRECTOR OF REVENUE AND FINANCE, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1950.
Decided November 1, 1950.
*53 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Edward A. Markley argued the cause for the appellant (Messrs. Markley & Broadhurst, attorneys).
*54 Mr. E. Norman Wilson argued the cause for the respondents (Mr. Dominick R. Rinaldi, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from an order of the Department of Civil Service which sustained Hoboken's abolition, by ordinances passed on December 21, 1948, of the positions of assistant corporation attorney and assistant city attorney and directed that appellant's name be placed upon a re-employment list for certification and appointment to the position of assistant corporation attorney or comparable position as vacancies occur.
The position of assistant corporation attorney in Hoboken was originally established by ordinance in 1907. In 1935 the appellant was appointed as assistant corporation attorney and he continued after the adoption of an ordinance in 1943 which created a Law Department to consist of a corporation attorney, an assistant corporation attorney, a clerk, and such legal assistants and other employees as shall be deemed necessary by the Director of Revenue and Finance. When a new board of commissioners was elected in May, 1947, the Law Department included seven legal assistants in addition to the corporation attorney and the appellant, assistant corporation attorney. These legal assistants received salaries ranging between $2,000 and $3,000 per year and the appellant as assistant corporation attorney received salary of $4,300 per year. He said his functions were "generally to assist the Corporation Attorney in the performance of his duties" and indicated that the more important matters were handled by him whereas the legal assistants received designated subordinate assignments. He engaged in the private practice of law but stated that he devoted as much time as was required in the performance of his public duties. Upon the adoption by Hoboken of the Civil Service Act in 1946 his position came under its protection. Camden v. Civil Service Commission, 129 N.J.L. 354, 358 (Sup. Ct. 1943); affirmed, 130 N.J.L. 532 (E. & A. 1943). But cf. P.L. 1948, c. 121.
*55 In June, 1947, the new board of commissioners adopted two ordinances, the first repealing the 1943 ordinance creating the Law Department, and the second creating the position of assistant city attorney with annual salary of $6,250. This was accompanied by action which purported to dismiss the appellant as assistant corporation attorney and to appoint Charles J. De Fazio, Jr., as assistant city attorney with annual salary of $6,250, but in due course the Civil Service Commission ordered that the appellant be restored to the pay and title undertaken to be given to Mr. De Fazio. A writ of certiorari to review this order was dismissed in Hoboken v. Civil Service Commission, 137 N.J.L. 73 (Sup. Ct. 1948); affirmed, 137 N.J.L. 728 (E. & A. 1948).
In the meantime, Mr. De Fazio's purported occupancy of the position of assistant city attorney terminated on December 31, 1947 (cf. De Fazio v. Mayor and Council of City of Hoboken, 9 N.J. Super. 486 (Law Div. 1950)), when he was appointed as magistrate and thereupon there was no attorney assisting the city attorney. On January 20, 1948, an ordinance was passed creating the positions of legal assistants to the city attorney with salary of $2,500 to $3,500 per annum. Messrs. William Gottlieb and E. Norman Wilson, who had been legal assistants in the Law Department prior to the election of the new board of commissioners in 1947, were thereafter appointed as legal assistants from a list of eligibles duly certified by the Department of Civil Service. Each receives the annual salary of $3,000 and they have been performing the required legal work to assist the city attorney.
Subsequent to the decision by the Court of Errors and Appeals on September 3, 1948 (Hoboken v. Civil Service Commission, supra), there was a conference in which Stephen E. Mongiello, Director of Revenue and Finance of Hoboken, and the appellant participated. The Director states that he suggested that the appellant resume work at the salary he was receiving when dismissed; the appellant testified that he told the Director "that under the Civil Service order I was entitled to be reinstated as Assistant City Attorney at a salary of *56 $6,250, or whatever the amount was, and I was not interested in any other proposition." In November, 1948, the appellant filed an action in the Law Division seeking restoration to the pay and position of assistant city attorney and the sum of $10,118.58 for back pay, plus interest and costs. On December 21, 1948, the board of commissioners adopted two ordinances, the first repealing the 1907 ordinance which created the position of assistant corporation attorney and the second repealing the 1947 ordinance which created the position of assistant city attorney. Thereafter the Director of Revenue and Finance notified the appellant to report for duty as legal assistant at the annual salary of $3,000 per year. Cf. R.S. 11:22-10; Kraibuehler v. Civil Service Commission, 134 N.J.L. 97, 100 (Sup. Ct. 1946). However, the appellant rejected the tendered position of legal assistant.
In January, 1949, the Law Division granted summary judgment directing that the appellant be restored to the pay emoluments, title and position undertaken to be given to Mr. De Fazio and that he receive back pay in the sum of $10,275 plus costs. On appeal, the Appellate Division sustained the award of back pay but reversed the judgment insofar as it restored the appellant to the pay emoluments, title and position undertaken to be given to Mr. De Fazio on the ground that, in the light of the ordinances dated December 21, 1948, the proper forum to contest the appellant's removal thereunder was the Department of Civil Service. Pellet v. Hoboken, 4 N.J. Super. 259 (App. Div. 1949). Thereupon appeal was taken to the Department of Civil Service and hearing was held. At this hearing the Director of Revenue and Finance testified to the economy effected in the Law Department and the bona fides of the ordinances adopted by the city on December 21, 1948. On March 7, 1950, the Department rendered its order which sustained the city's action and the present appeal is from this order.
It must be borne in mind that the issue before us no longer relates to the displacement of the appellant as assistant corporation attorney by Mr. De Fazio as assistant city *57 attorney. That has been definitively adjudicated to have been improper, the appellant has received back pay for the period of his improper displacement, he would admittedly be entitled to the position of assistant city attorney which Mr. De Fazio purported to occupy if that position were still in existence, and he will presumably be entitled to occupy it hereafter in the event it is recreated. However, that position, along with the appellant's original position of assistant corporation attorney, has been abolished by duly enacted ordinance avowedly adopted in the interests of governmental economy and efficiency. Good faith in the adoption of the ordinance will be presumed and, unless there is a sufficient showing of bad faith, the abolition of the position will withstand claim under the Civil Service Act. See Hunziker v. Kent, 111 N.J.L. 565, 567 (Sup. Ct. 1933); Pellet v. Hoboken, supra. Evidence that other motives in addition to governmental economy and efficiency were present is not particularly significant if, in fact, the position is useless and its abolition is in the public interest. See Kessel v. Civil Service Commission, 130 N.J.L. 618, 619 (Sup. Ct. 1943). In Santucci v. Paterson, 113 N.J.L. 192, 195 (Sup. Ct. 1934), Mr. Justice Heher expressed the thought that "It would be absurd to hold that a needless position must be continued in existence because an ulterior purpose influenced or played some part in its abolition." On the other hand, the abolition must not be merely colorable or a device for circumventing an employee's civil service protection while retaining his position in substance. Hunziker v. Kent, supra; Newark v. Civil Service Commission, 112 N.J.L. 571 (Sup. Ct. 1934); affirmed, 114 N.J.L. 185 (E. & A. 1935); Mattia v. Newark, 122 N.J.L. 557 (Sup. Ct. 1939).
In the instant matter the city's position takes the following form. When the new board of commissioners took office the Law Department was heavily overstaffed and its abolition in June, 1947, resulted in substantial economy. Although Mr. De Fazio's designation as assistant city attorney with annual compensation of $6,250 to displace the appellant as assistant *58 corporation attorney with annual compensation of $4,300 was improper, final adjudication to that effect did not occur until September, 1948. In the meantime and pending the litigation Mr. De Fazio withdrew, resulting in provision by ordinance for legal assistants at salaries not exceeding $3,500 per annum and the employment of two legal assistants, each now receiving $3,000 per annum, from the civil service list of legal assistants eligible for re-employment. These two legal assistants, in conjunction with the city attorney, adequately performed the required work and displayed to the satisfaction of the Director that there was no real need for an intermediate superior position such as assistant city attorney or assistant corporation attorney. The Director considered that a staff as then constituted would be more efficient and economical than the staffs as constituted earlier and the practical effect of the city's ordinances was to permit the continuance of that type of staff, namely, the city attorney plus two legal assistants' positions, one of which was offered in good faith to the appellant.
The appellant contends that the city's conduct was simply subterfuge and was designed not to effect governmental economy and efficiency but rather to deprive him of his civil service protection. On the record before us we are not prepared to accept that view. Undoubtedly the original thought was to have Mr. De Fazio replace him and to circumvent his civil service protection at that time. When Mr. De Fazio withdrew, however, the situation changed; no one was performing the required legal work and it became necessary that steps be taken to see that the day to day subordinate legal work of the city attorney's office be done. At this juncture the determination to provide for legal assistants and to employ two persons certified by the Department of Civil Service was within the exercise of the city's judgment. When the appellant later obtained favorable decision from the Court of Errors and Appeals the city attorney's office was being conducted with the aid of two legal assistants and upon the city's decision thereafter to abolish the position of assistant *59 city attorney at $6,250 per annum as unnecessary, he was admittedly offered appointment as legal assistant at $3,000 per annum. See R.S. 11:22-10; Kraibuehler v. Civil Service Commission, supra. In this connection the Director has stated that there was no need for three legal assistants and it was not his intention to have more than two, but that if the appellant had returned as legal assistant one of the other assistants, junior in service, would have been displaced.
In the light of the foregoing we find ourselves unable to accept the appellant's contention that he is now entitled to be restored to the position of assistant city attorney at $6,250 per annum. An order from this court to that effect would impose upon Hoboken a seemingly unnecessary position at a substantial rate of compensation. If such action were necessary to vindicate the wholesome and important public policy underlying the Civil Service Act, we should not hesitate to take it. Cf. Viemeister v. Board of Education of Prospect Park, 5 N.J. Super. 215, 218 (App. Div. 1949). However, the Department of Civil Service found nothing contrary to the letter or purposes of its governing act and our view is in accord. The fact that the city acted against the public interest in 1947 by creating the position of assistant city attorney at $6,250 per annum and appointing Mr. De Fazio thereto in defiance of the Civil Service Act is no reason for perpetuating the wrong. Considering all of the circumstances the appellant may properly be said to have received such civil service protection as may reasonably be afforded to him consistent with the ever present goal of attainment of governmental efficiency and economy.
The order of the Department of Civil Service is affirmed.