10 N.J. Super. 96 (1950)
76 A.2d 701
CHARLES J. WEAVER, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1950.
Decided November 14, 1950.
*97 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Carmen La Carrubba argued the case for the plaintiff-respondent.
Mr. George Rothstein argued the cause for the defendant-appellant.
*98 The opinion of the court was delivered by EASTWOOD, J.A.D.
The Township of North Bergen appeals from an order of the Civil Service Commission, Department of Civil Service of the State of New Jersey, directing that the respondent, Charles J. Weaver, be restored to his position as Secretary to the Director of Public Safety.
The respondent was appointed by the Director of Public Safety to the position in question on June 7, 1944. The Civil Service Act was adopted by the voters at a referendum election held on May 13, 1947. On April 7, 1948, the Township Commission enacted an enabling ordinance, attached to which and made part thereof were schedules setting forth the complete list of the employers of the municipality, their class, the jurisdiction service and division to which the position occupied by each employee was allocated, and suggested salary ranges. In the schedules made a part of the ordinance, respondent was classified as "Secretary to the Director of Public Safety," at a salary of $2,800. On January 27, 1948, the Civil Service Commission so classified the respondent on its records and placed him in the exempt division. On August 3, 1949, following an election which brought into office a new regime, his employment was terminated by the Director of Public Safety, on the ground of his alleged absence from duty for a period of five days. As the result of a hearing before the Civil Service Commission, to whom respondent appealed from his dismissal, it was determined by the Commission that the basis for his dismissal had not been substantiated by the evidence and restoration to his position was ordered.
Appellant contends that respondent's dismissal was valid; that his position had not been lawfully created and, therefore, he was not entitled to continue therein. Respondent contends that his position was lawfully created by the ordinance of April 7, 1948, making operable the provisions of the Civil Service Act. It is not quite clear from the record as to how respondent's position was originally created. The only pertinent testimony is that of Mr. Weaver who stated: *99 "* * * I was made  on May 24, 1944, I was appointed by the then Director of Public Safety, Paul F. Cullum, as Secretary." Other than the civil service ordinance, the record does not disclose that the respondent's position was originally created by either an ordinance or resolution, or that any ordinance was adopted fixing his salary. Therefore, the question for our determination is whether the 1948 ordinance lawfully created Weaver's position. We think it did not. In fact, this issue has been clearly and decisively disposed of adversely to respondent's contention in several cases, the latest of which is Handlon v. Town of Belleville, 4 N.J. 99 (Sup. Ct. 1950), wherein it is held:
"But it is urged that appellant was `in the employ' of Belleville when the Civil Service Act was adopted by the municipality, and so within the protection of the civil service tenure extended by R.S. 11:21-6 to `all officers, clerks and employees in the employ' of the municipality, except `such as may be appointed between the time of the filing of the petition for the adoption' of the Act `and the holding of the referendum.' It is said that appellant was one of the `employees' of the Town when the Act was accepted and `his duties came "within the competitive or noncompetitive class of the civil service,"' and so he `became an employee in the classified service when civil service became operative in the town.' The fallacy of this reasoning is patent.
"It was not designed by the cited provision to bring within the ambit of the statute persons claiming offices or positions which had no legal being, and thus to create offices and positions having no existence before. The act has no such sweep. Its aim was the security of tenure during good behavior for those of the particular class who were lawfully in the employ of the municipality, not those who had usurped authority in places having no legal sanction whatever. Validation was not in legislative contemplation. De jure offices and employments alone were in view. This interpretative principle has been consistently applied to this and similar statutes in the cases cited supra., e.g., Toomey v. McCaffrey; Van Brookhoven v. Kennedy, 125 N.J.L. 178 (Sup. Ct. 1940); affirmed, Id. 507 (E. & A. 1941); Moriarty v. Board of Education of Garfield, 133 N.J.L. 73 (Sup. Ct. 1945); affirmed, 134 N.J.L. 356 (E. & A. 1946); City of Orange v. Goldberg, supra."
In light of the Handlon case, we perceive no point in pursuing any further discussion of the issue.
Respondent contends that this appeal should be dismissed because of appellant's failure to perfect it in compliance *100 with Rule 1:2-5. Rule 1:2-5(f) provides that where the appeal is from a final agency decision, the time shall run from the date of the service of a copy of the decision. Such service was made here on February 23, 1950. Service of copy of the notice of appeal was acknowledged by the respondent and the Civil Service Commission on March 21st and March 23rd, respectively. The notice of appeal should have been filed on March 26th, whereas it was not filed until March 28th. To complete an appeal, it is requisite that the service of the notice and the filing thereof be accomplished within the aforementioned 30-day period and failure to do so ordinarily requires a dismissal. In re Pfizer, 8 N.J. Super. 6 (App. Div. 1950). The attorney for the appellant erroneously construed Rule 3:5-5 as allowing him ten days within which to file the notice of appeal after service thereof. The cited rule has no application to the filing of notices of appeal  it deals with the filing of pleadings and papers at the trial level. A situation similar to that prevailing here arose in the Pfizer case, supra, decided subsequent to the filing date here. Under the circumstances here, we think the ruling in the Pfizer case is particularly apt. There, the court held, at pp. 9, 10:
"But the able lawyer who had charge of taking the appeal in this cause understood otherwise. He found in Rule 3:5-5 that papers which are served must be filed within 10 days thereafter. This rule, like all rules in Part III, seemed to apply to all divisions of the Superior Court, including the Appellate Division. Rule 3:1-1. He concluded that while service of the notice of appeal must be taken within 45 days, the notice might be filed any time within 10 days after service. Although, as stated above, we disagree with his conclusion, we consider it at least plausible. There also appears to be merit in the appeal; but that subject we will discuss later. And no delay has been caused by failure to file the notice within time."
We are constrained, therefore, to deny the application to dismiss the appeal.
The order under review is reversed, without costs.
JACOBS, S.J.A.D. (dissenting).
The respondent Charles J. Weaver served as Clerk of the Recorder's Court from 1940 *101 to 1944 when he was appointed Secretary to the Director of Public Safety, Township of North Bergen. The record before us does not indicate when or how the position of Secretary was first created (cf. Hoboken v. Civil Service Commission, 137 N.J.L. 728, 729 (E. & A. 1948)), although admittedly no ordinance creating the position had been adopted. In 1947 the Civil Service Act was adopted in North Bergen and in 1948 a pertinent township ordinance was duly enacted. This ordinance referred to and made part thereof three detailed schedules which had been submitted by the Civil Service Commission and embodied a complete list of the township's employees together with the positions occupied by them, their salary ranges, their classifications, etc. The ordinance repealed earlier inconsistent ordinances and stated that it "shall take effect immediately upon passage and publication as required by law." The first schedule listed Charles J. Weaver as Secretary to the Director of Public Safety with annual salary of $2,800 and exempt classification. In 1948 the Department of Civil Service listed Mr. Weaver in the same manner on its records.
In 1949, after a recall election, the new Director of Public Safety notified Mr. Weaver that his employment was terminated because of his absence from duty for a period of five successive days without leave. An appeal was taken and hearing was held before the Department of Civil Service. At this hearing no question was raised as to the protection afforded by the Civil Service Act (see R.S. 11:22-3; R.S. 11:22-26; Young v. Civil Service Commission, 127 N.J.L. 329 (Sup. Ct. 1941). Cf. P.L. 1948, c. 121) or the legal sufficiency of the creation of the position of Secretary to the Director of Public Safety. The Department of Civil Service determined, upon ample evidence, "that the charge of absence without leave is not substantiated by the facts" and ordered that Mr. Weaver be restored to his position. On its appeal the township, although raising an additional point which may be considered insubstantial, rests primarily upon its contention that the position of Secretary to the Director of Public Safety was *102 never lawfully created and consequently Mr. Weaver was not entitled to assert any claim thereto. The majority opinion accepts this contention on the ground that the recent decision of our Supreme Court in Handlon v. Town of Belleville, 4 N.J. 99 (1950), is controlling.
In the Handlon case the schedules embodied in the ordinance enacted by the Town of Belleville after its adoption of the Civil Service Act did not list Mr. Handlon as Clerk of the Recorder's Court with salary and classification; on the contrary, the town had expressly exscinded any listing for his position prior to its adoption of the ordinance. As a result, the "deliberative process requiring notice to the public" (Handlon v. Town of Belleville, supra) which underlies the adoption of an ordinance providing for a municipal office or position was entirely missing. In the instant matter it was not missing but may be deemed supplied by the ordinance adopted in 1948 by the Township of North Bergen. Cf. McKann v. Irvington, 133 N.J.L. 63, 67 (Sup. Ct. 1945); affirmed, 133 N.J.L. 575, 576 (E. & A. 1946). This ordinance represented municipal approval of the schedules prepared by the Civil Service Commission after a comprehensive survey. It was adopted after due deliberation and upon notice which afforded to the public the measure of protection similar to that afforded in the adoption of ordinances generally; it seems to me that it ought have the desirable effect of obviating the deficiency, now being alleged for the first time, in the original creation of the apparently long standing position then placed under the protection of the Civil Service Act. I find nothing in the actual holding of the court in the Handlon case which compels a contrary conclusion and would affirm the order of the Department of Civil Service.