CHARLES J. WEAVER, PLAINTIFF-APPELLANT, v. NEW
JERSEY DEPARTMENT OF CIVIL SERVICE, TOWNSHIP
OF NORTH BERGEN IN THE COUNTY OF HUDSON, A
MUNICIPAL CORPORATION OF THE STATE OF NEW
JERSEY, AND HARRY BUESSER, AS DIRECTOR OF
PUBLIC SAFETY IN THE TOWNSHIP OF NORTH BER-
GEN, DEFENDANTS-RESPONDENTS.

Argued February 26, 1951—Decided March 19, 1951.

Mr. *Edward A. Markley* argued the cause for appellant (*Messrs. Markley & Broadhurst,* attorneys. *Mr. James J. Langan* on the brief).

Mr. *George Rothstein* argued the cause for respondents.

The opinion of the court was delivered by

WACHENFELD, J. The plaintiff was appointed secretary to the Director of Public Safety of the defendant township in 1944, and after the town adopted the provisions of the Civil Service Act was listed in the exempt division of the classified service by the Civil Service Commission.

On March 15, 1950, he was notified by letter that his employment was terminated in order to effect economy in the municipal government. The plaintiff thereupon petitioned the Civil Service Commission for a hearing, claiming his dismissal was illegal. The Commission, on April 10, 1950, notified him it had considered his petition and determined that the dismissal was a lay-off under its Rule 57, which effectuates the provisions of *R. S.* 11:22–9. Such a lay-off, it held, was not cognizable in a formal hearing but was to be "handled administratively according to the provisions of the rule."

The plaintiff appealed from this decision to the Appellate Division, which dismissed the appeal, holding the question was moot because of its judgment in the companion case of *Weaver v. Twp. of North Bergen,* 10 *N. J. Super.* 96 (*App. Div.* 1950), where it held the position occupied by the plaintiff had never been legally established.

The judgment of the Appellate Division in that case having been reversed by this court on other grounds, the question

presented is no longer moot but is one which must be decided on its merits.

The legality of the position is not an issue in this case, the sole question on this appeal being whether or not the plaintiff was entitled to a hearing before the Civil Service Commission for the purpose of determining whether his dismissal was lawful.

R. S. 11:5–1, relating to the duties of the Civil Service Commission, reads in part:

"The commission, in addition to the other duties imposed upon it by law, shall, as a body:
 *     *     *     *     *     *     *

(d) Hear appeals, either as a body or through one or more members designated by a majority thereof to hear such appeals, of persons in the classified service sought to be removed, demoted in pay or position, suspended, fined or otherwise discriminated against contrary to the provisions of this subtitle, and render decisions thereon and require observance of the decisions as herein provided."

R. S. 11:2A–1 provides:

"No employee of the State, or of any county, municipality or school district of the State shall be suspended, fined, demoted for a period of greater than thirty days in the aggregate in any one year or discharged without the same right of appeal to the commission, which shall have the same power of revoking or modifying the action of such authority, as in the case of removal as provided in sections 11:15–2 to 11:15–6 of the Revised Statutes. No such employee shall be suspended, fined or demoted for a period greater than five days at one time without the same right of appeal, with the same authority in the commission as aforesaid."

R. S. 11:15–4, incorporated by reference in R. S. 11:2A–1, requires of the Commission that "upon the appeal of the removed employee, if such appeal is received within ten days from the date of such removal, it shall publicly inquire into and hear the person sought to be removed either sitting as a body or through one or more of its members." The plaintiff here appealed within this statutory time.

In *Handlon v. Town of Belleville*, 4 N. J. 99 (1950), we held the action taken by the Civil Service Commission on

an appeal by a discharged public employee was *quasi*-judicial in nature, and in reference to the "hearing" provided in the statute we said:

"The requirement of a 'hearing' has reference to the tradition of judicial proceedings in which evidence is received and weighed by the trier of the facts and the issue determined uninfluenced by extraneous considerations which might not be exceptionable in other fields involving purely executive action. The 'hearing' is 'the hearing of evidence and argument.'"

Here the plaintiff in his petition for a hearing alleged he had been dismissed contrary to law because of his political opinions and affiliations and that his duties had been "usurped by other person or persons not entitled thereto." The Commission heard neither evidence nor argument. On the bare assertion that the dismissal was motivated by reasons of economy, it denied the plaintiff's petition and decided adversely to him the very issues he sought to raise and prove at the hearing of his appeal.

A similar situation developed in *Newark v. Civil Service Commission*, 112 *N. J. L.* 571 (*Sup. Ct.* 1934); affirmed, 114 *N. J. L.* 185 (*E. & A.* 1934). There one of three legal assistants in the city's law department had been dismissed pursuant to a resolution of the board of commissioners that "for reasons of economy the positions of legal assistants in the law department of the City of Newark be and they are hereby abolished." At the same time, the commissioners ratified and confirmed the appointment of six assistant corporation counsels, two more than theretofore, and a few days later rescinded the removal resolution in so far as it related to the other two legal assistants.

On appeal, the Civil Service Commission set aside the removal proceeding and ordered the reinstatement of the employee. The Supreme Court, affirming this order, said:

"The net result was that, on the ostensible ground of economy the assistant corporation counsels were increased from four to six, the legal assistants were reduced from three to two, the salary totals were increased and the volume and character of work remained the

same. \* \* \* No branch of the service is being discontinued. The office of legal assistant is not abolished. All that is abolished is one position, the work of which is to be done by new employees under a different nomenclature. \* \* \* The question is one of fact, not of assertion. The finding of the Civil Service Commission has substantial foundation in the proofs and should not be disturbed."

As to the city's contention that the action of the Civil Service Commission was an unlawful interference with the action of the board of commissioners because the office had been abolished in the interest of economy, the court observed:

"The precise language of the finding was that the records did not show that economy had been effected, but we interpret this as a finding, not merely that no saving had been accomplished but, that the removal proceedings had not been undertaken in the interest of economy, that economy had been neither sought nor served; and the record supports such a finding. The question, as we view it, is, not narrowly whether a plan conceived and adopted for the purpose of saving money actually, in operation, attained its purpose but, whether the design in adopting the plan was to accomplish economy or, on the contrary, was to effect the removal of a public employee, protected by civil service, without following the statutory procedure. \* \* \*

Tenure of employment statutes are subject to the right of a governing body to discontinue old methods, create new offices and otherwise make changes in the public interest, provided such changes are not mere pretext for removal from office. \* \* \* But the Civil Service Commission may not be forestalled by an unsupported assertion from performing its statutory functions; otherwise civil service itself would soon be ineffective."

The principles here enunciated are not dimmed by the holdings in *Sanlucci v. Palerson,* 113 *N. J. L.* 192 (*Sup. Ct.* 1934), and kindred cases where the courts have found the positions formerly occupied by Civil Service employees were in good faith abolished for reasons of economy or governmental efficiency. In the case *sub judice,* the action taken discharged the plaintiff but admittedly did not eliminate the position.

█ Under the cited statutes and in conformity with the reasoning in the *Handlon* and *Newark* cases, *supra,* the plaintiff, having made timely application, was entitled to a hearing before the Civil Service Commission to bring witnesses and to adduce whatever evidence was available to him in support

of his contention that his dismissal was a penalty imposed because of his political convictions and was not a *bona fide* attempt to effect municipal economies. The mere unsupported assertion of the latter reason for removal did not preclude his right to a determination of his appeal on its merits after "the hearing of evidence and argument" as required by the rule of the *Handlon* case, *supra*.

The judgment below is reversed and the case remanded for a hearing before the Civil Service Commission in accordance with this decision.

*For reversal*—Chief Justice VANDERBILT, and Justices WACHENFELD and ACKERSON—3.

*For affirmance*—Justices HEHER and BURLING—2.